IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CACHÉ, INC., et al.,[1] | ) | Case No. 15-10172 (MFW) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

**MOTION TO SHORTEN NOTICE AND REQUEST FOR
HEARING WITH RESPECT TO
DEBTORS' MOTION FOR ORDERS (I)(A) AUTHORIZING ENTRY INTO AGENCY
AGREEMENT, (B) AUTHORIZING BIDDING PROTECTIONS, (C) AUTHORIZING
BIDDING PROCEDURES AND AUCTION AND (D) SCHEDULING SALE HEARING
AND APPROVING NOTICE THEREOF; (II) AUTHORIZING (A) SALE OF ASSETS
AND (B) STORE CLOSING SALES AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession herein (collectively, the "Debtors") hereby file this motion ("Motion to Shorten") for an order pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), substantially in the form of the proposed order attached as Exhibit A hereto, scheduling a hearing and shortening the notice period with respect to the *Debtors' Motion for Orders (I) (A) Authorizing Entry Into Agency Agreement, (B) Authorizing Bidding Protections, (C) Authorizing Bidding Procedures and Auction and (D) Scheduling Sale Hearing and Approving Notice Thereof; (II) Authorizing (A) Sale of Assets and (B) Store Closing Sales and (III) Granting Related Relief* (the "Sale Motion").[2] In support of this Motion to Shorten, the Debtors respectfully state as follows:

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Caché, Inc. (8181); Caché of Las Vegas, Inc. (9821); and Caché of Virginia, Inc. (9725). The location of the Debtors' headquarters and the service address for each of the Debtors is 256 W. 38th Street, New York, NY 10018.

[2] Capitalized terms not otherwise defined in this Motion to Shorten shall have the meaning given in the Motion.

DOCS_DE:197865.1 11903/001

**Relief Requested**

1. The Debtors request that the Court (a) schedule a hearing (the "Hearing") on or before February 17, 2015 as it relates to the Debtors' request in the Sale Motion for approval of the Bidding Procedures in connection with the Agency Agreement and proposed sale of Assets and store closing sales, as described in the Sale Motion, and (b) shorten the period for notice of the hearing on the Motion, with objections, if any, to be made on or before February 13, 2015, at 4:00 p.m. (prevailing Eastern time).

2. The Debtors assert that a prompt hearing to consider the proposed Bidding Procedures is in the best interests of the Debtors' estates. First, the proposed DIP Credit Agreement requires entry of an order approving the Bidding Procedures by February 17, 2015, and termination of the DIP Credit Agreement would cause substantial harm to the Debtors' estates. Second, if the proposed Agency Agreement is approved and store closing sales are commenced, the Stalking Horse will assume virtually all expenses of the store closing sales thus saving the Debtors' estates from incurring future expenses in connection with operating the store locations, to the benefit of all stakeholders. Third, the Debtors have already engaged in an extensive prepetition marketing process with the assistance of their investment banker, Janney Montgomery Scott LLC ("Janney"), and considered all available options for maximizing value under the circumstances. Further delays through an extended sale timeline will not benefit the estates. For those reasons, the Debtors submit that it is important to move forward with the proposed Bidding Procedures and related sale timeline as expeditiously as possible.

3. In further support of relief requested in this Motion to Shorten, the Debtors incorporate fully herein by reference the *Declaration of Daniel Shea in Support of the Debtors' Motion for Orders (I)(A) Authorizing Entry into Agency Agreement, (B) Authorizing*

2

*Bidding Protections, (C) Authorizing Bidding Procedures and Auction and (D) Scheduling Sale Hearing and Approving Notice Thereof, (II) Authorizing (A) Sale of Assets and (B) Store Closing Sales and (III) Granting Related Relief* (the "<u>Shea Declaration</u>"), filed in support of the Sale Motion.

### Basis for Relief

4.  Local Rule 9006-1(c)(i) provides that "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days id service is by overnight delivery) prior to the hearing date." Del. Bankr. LR 9006-1(c)(i). Local Rule 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion specifying the exigencies justifying shortened notice." Del. Bankr. LR 9006-1(e). Local Rule 6004-1(c) provides that "[t]he Court will only schedule a hearing to consider approval of bidding and sale procedures in accordance with the notice procedures set forth in Del. Bankr. L.R. 9006-1, unless the requesting party files a motion to shorten notice which may be heard at the first hearing in the case and presents evidence at that hearing of compelling circumstances."

5.  Compelling circumstances exist here to schedule a hearing on the Bidding Procedures on an expedited basis.

6.  First, the Debtors' proposed DIP financing has certain milestones tied to the Sale Motion. The DIP Credit Agreement requires that the Debtors obtain an order approving the Bidding Procedures no later than February 17, 2015, complete an auction by no later than February 27, 2015, and have a sale approval order entered by no later than March 3, 2015. *See* Docket No. __, Exhibit __ (DIP Credit Agreement § 6.24). Failure to meet these deadlines

constitutes an event of default under the DIP Credit Agreement. *See id.*

7. Termination of the postpetition financing would be severely detrimental to the Debtors' business and their estates.

8. Second, aside from the milestones under the DIP Credit Agreement, other business reasons justify scheduling a hearing on the Bidding Procedures on shortened notice; for instance, to preserve the proposed timeline for approval of the Agency Agreement with the Stalking Horse by February 17, 2015, and to enable the store closing sales to begin no later than March 4, 2015. It is critical to commence the store closing sales as soon as possible for several important reasons, including the following:

   a. The guaranteed amount that potential liquidators are willing to pay to conduct the closing sales could drop if the sales cannot commence promptly; and

   b. The Debtors continue to incur expenses in connection with operating the store locations. However, upon approval of the proposed Agency Agreement and commencement of the store closing sales, the Stalking Horse will assume virtually all expenses of the store closing sales thus saving the Debtors' estates from incurring future expenses in connection with operating the store locations.

9. Third, Janney has already engaged in an extensive prepetition marketing process through a financing or acquisition of the Debtors on a going-concern basis, and then later through a liquidator bid solicitation process. *See* Shea Declaration ¶¶ 9-12. Under the circumstances, the proposed sale timeline and Agency Agreement to date are the best and most viable method currently available to the Debtors to maximize recoveries for all of the Debtors' stakeholders, subject to an auction that preserves the opportunity to obtain higher and/or better

bids from other liquidators as well as potential going-concern buyers. The Debtors submit that further delays by way of an extended sale timeline would not benefit the estates.

10. For these reasons, the Debtors request that the Court schedule the hearing on the Bidding Procedures on or before February 17, 2015. A failure to schedule the hearing in such a manner will jeopardize the Debtors' ability to meet the various milestones under the DIP Credit Agreement, will risk termination of the Agency Agreement, and as a result the Debtors will not be able to maximize and preserve value for the benefit of creditors and parties in interest.

11. The Debtors are continuing their marketing efforts to attract competing bidders and propose to complete a public auction by February 27, 2015, with the aim of selecting the highest and/or best bid at auction, including the potential for a going-concern buyer to be selected as the winning bidder. Accordingly, the Debtors submit that scheduling a hearing on the Bidding Procedures on or before February 17, 2015 will not prejudice creditors or parties in interest.

12. The Debtors will serve the Motion, which contains the Bidding Procedures and related sale timeline, subject to approval by this Court, on the following parties, or their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtors' thirty (30) largest unsecured creditors; (c) the Debtors' prepetition and postpetition lenders; (d) counsel to the Stalking Horse; and (e) parties entitled to notice pursuant to Bankruptcy Rule 2002. Thus, all parties in interest have notice of the proposed hearing on the Motion and the proposed Bidding Procedures and sale timeline.

13. If the Court grants this Motion to Shorten and enters an order fixing a hearing date and shortening the time to object or respond to the Bidding Procedures, the Debtors will immediately serve a copy of such order, and a notice of hearing for the Motion, on the same

parties who were served with the Motion by facsimile, electronic mail, hand delivery, overnight mail, or express mail.

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as Exhibit A (a) scheduling a hearing on the Bidding Procedures on or before February 17, 2015; (b) shortening the period for notice of the hearing on the Motion, with objections, if any, to be made on or before February 13, 2015 at 4:00 p.m. (prevailing Eastern time).

Dated: February 4, 2015        PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Joshua M. Fried (CA Bar No. 181541)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: 302/652-4100
Facsimile: 302/652-4400
E-mail:    ljones@pszjlaw.com
           dbertenthal@pszjlaw.com
           jfried@pszjlaw.com
           pkeane@pszjlaw.com

[Proposed] Counsel for the Debtors and Debtors in Possession