IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CACHÉ, INC., et al.,[1] | ) | Case No. 15-10172 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

**OMNIBUS MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING THE DEBTORS (A) TO REJECT CERTAIN UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES PURSUANT TO 11 U.S.C. § 365, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE, (B) ABANDON ANY REMAINING PERSONAL PROPERTY LOCATED AT THE LEASED PREMISES, AND (C) FIXING A BAR DATE FOR CLAIMS OF COUNTERPARTIES**

The above-captioned debtors and debtors in possession (the "Debtors") hereby

file this motion (the "Motion") for entry of an order, (a) authorizing the rejection of certain

unexpired leases of non-residential real property (the "Rejected Leases") for certain of the

premises leased by the Debtors (collectively, the "Leased Premises"), each as set forth on

Exhibit A hereto, effective *nunc pro tunc* to the Petition Date (defined below), (b) authorizing

the Debtors to abandon any remaining personal property located at the Leased Premises, and

(c) fixing a bar date for claims, if any, of the counterparties to each Rejected Lease (the

"Counterparties"). In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.      The United States Bankruptcy Court for the District of Delaware (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference from the United States District Court for the District of*

*Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are:  Caché, Inc. (8181); Caché of Las Vegas, Inc. (9821); and Caché of Virginia, Inc. (9725).  The location of the Debtors' headquarters and the service address for each of the Debtors is 256 W. 38th Street, New York, NY 10018.

U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection

with this Motion to the extent that it is later determined that the Court, absent consent of the

parties, cannot enter final orders or judgments in connection herewith consistent with Article III

of the United States Constitution.

   2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

   3.  The statutory and rule predicates for the relief sought herein are sections

365(a) and 554(a) of title of the United States Code (the "Bankruptcy Code") and Rules 6006

and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

   4.  On the date hereof (the "Petition Date"), each of the Debtors filed with

this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Concurrently

herewith, the Debtors have filed a motion with this Court requesting joint administration of the

Debtors' chapter 11 cases (the "Cases") for procedural purposes only.  The Debtors are operating

their business and managing their properties as debtors and debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the

appointment of a trustee or an examiner in these cases, and no official committee has yet been

appointed by the Office of the United States Trustee.

   5.  The factual background regarding the Debtors, including their current and

historical business operations and the events precipitating their chapter 11 filings, is set forth in

detail in the *Declaration of Anthony DiPippa in Support of First Day Motions* (the "DiPippa Declaration") filed concurrently herewith and fully incorporated herein by reference.[2]

6.      By this Motion, the Debtors seek to reject 21 leases, out of an abundance of caution, although the Debtors believe that the applicable leases have each been terminated prepetition with expiration of such leases effective as of January 31, 2015 or earlier.

7.      Prior to the Petition Date, the Debtors gave notice to the landlord Counterparties to the applicable Leased Premises that the Debtors would be closing their stores at the Leased Premises, and the Debtors terminated the applicable leases prepetition. In particular, certain of those stores will have their last day of business on January 27, 2015 with keys and/or access turned over to the landlord Counterparties on or before January 30, 2015. The Rejected Leases for 14 of the Leased Premises will expire naturally on January 31, 2015 (or the Debtors have exercised a termination right prepetition for such lease to expire as of January 31, 2015). The remaining 7 of the Leased Premises have already closed as of January 10, 2015 or earlier in 2014 with such terminations already effective prepetition.

8.      Accordingly, although the Debtors believe that the Rejected Leases have each terminated as of January 31, 2015 or earlier, they file this Motion out of an abundance of caution to reject the Rejected Leases to the extent any of the landlord Counterparties may allege that there is a continuing lease beyond January 31, 2015.

### **Relief Requested**

9.      Through this Motion, the Debtors seek the entry of an order, pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, (a) authorizing and approving the Debtors' rejection of the Rejected Leases (collectively, the "Rejected Leases"), effective as

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the DiPippa Declaration.

of the Petition Date indicated on Exhibit A hereto[3], (b) authorizing the Debtors to abandon any

personal property located at the Leased Premises on the Petition Date, and (c) fixing a bar date

for claims, if any, of the Counterparties to each Rejected Lease.  As set forth in detail below, the

relief requested herein is in the best interest of the Debtors' estates and creditors because the

Debtors have ceased operations at the Leased Premises through store closings, have no further

use for the Leased Premises, and have vacated or will vacate each of the Leased Premises under

each Rejected Lease on or before the Petition Date.

   10. To the extent notice of the Debtors' intention to reject the Rejected Leases

has not been previously provided or to the extent not previously rejected or terminated by the

Debtors prepetition, the filing and service of this Motion shall serve as notice to the

Counterparties of the Debtors' intention to reject the Rejected Leases listed on Exhibit A hereto.

As set forth above, the Debtors file this Motion out of an abundance of caution to the extent any

of the landlord Counterparties may allege that there is a continuing lease beyond January 31,

2015.  The Debtors have terminated each of the Rejected Leases prepetition.

   11. In the event that the Debtors are unable to vacate a Leased Premise by the

Petition Date, the Debtors reserve all rights to remove any of the Rejected Leases from Exhibit A

annexed hereto prior to the hearing on the Motion and move to reject such Rejected Leases at a

later date.  If the Debtors are required to remove Rejected Lease from Exhibit A because they

require additional use of the Rejected Lease beyond the Petition Date, the Debtors will promptly

provide notice to the affected Counterparty of the Debtors intention not to reject such Rejected

Lease as of the Petition Date, and will file and serve a separate motion to reject any removed

leases at a later date in time.

---

[3] The Debtors reserve all rights with respect to the characterization of the Rejected Leases and any rejection or other damages that may be asserted.

### Basis for Relief

12.     Section 365(a) of the Bankruptcy Code provides that a trustee or debtor in possession, "subject to the court's approval, may … reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a); *see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992).  "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Muerexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

13.     The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the trustee.  *See NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *In re Taylor*, 913 F.2d 102, 107 (3d Cir. 1990); *see also In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003).  The business judgment standard mandates that a court approve a trustee's business decision unless the decision is the product of bad faith, whim or caprice.  *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

14.     Rejection of an executory contract or unexpired lease is appropriate where rejection of the contract would benefit the estate.  *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989).  The standard for

rejection is satisfied when a trustee or debtor has made a business determination that rejection will benefit the estate. *See Commercial Fin. Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions, Inc.)*, 47 B.R. 425, 427 (D. Haw. 1985) ("under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate.").

15.    If the trustee's or debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See, e.g., NLRB v. Bildisco & Bildisco*, 462 U.S. at 523 (1984); *In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003).

16.    In applying the business judgment standard, courts show great deference to the trustee's or debtor's decisions to reject. *See e.g., NRLB V. Bildisco & Bildisco*, 462 U.S. at 523 (1984); *In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003) (court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or a gross abuse of discretion); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

17.    Pursuant to section 365(a) of the Bankruptcy Code, the Debtors seek to reject the Rejected Leases effective as of the Petition Date in order to avoid the possibility of incurring any additional expenses and costs related to the Rejected Leases. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 530 (1984) (stating that rejection relates back to the petition date). Furthermore, a court may permit retrospective rejection to avoid unduly exposing a debtor's estate to unwarranted postpetition administrative or other expenses. *See In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (N.D. Tex. 1996); *see also In re Thinking Mach. Corp.*, 67 F.3d 1021, 1028 (1st Cir. 1995) ("bankruptcy courts may enter retroactive orders of approval, and should do

so when the balance of equities preponderates in favor of such remediation."); *In re Jamesway Corp.*, 179 B.R. 33, 37-38 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

18.    The Debtors seek to reject the Rejected Leases, in accordance with principles of sound business judgment and out of an abundance of caution to the extent any of the landlord Counterparties assert the Rejected Leases have not been terminated. The Rejected Leases are, and will continue to be, a burden to the Debtors' estates. The Debtors have terminated their operations at the particular stores subject to the Rejected Leases, have no further use for and have vacated or will vacate the Leased Premises as of the Petition Date, and the Rejected Leases no longer provide any economic benefit to the Debtors in connection with their operations at such locations.

19.    Additionally, the Debtors have determined, in their reasonable business judgment, that there is no net benefit that can be realized from an attempt to market and assign the Rejected Leases.[4] As a result, the Debtors have determined that the cost to the Debtors of continuing to occupy the Leased Premises under the Rejected Leases, and of performing their obligations under the Rejected Leases and incurring unnecessary administrative expenses, is burdensome, and that rejection of the Rejected Leases out of an abundance of caution is thus in the best interests of the Debtors' estates and creditors. For all of the above reasons, the Debtors submit that rejection of the Rejected Leases, out of an abundance of caution, is in the best interests of the Debtors' estates and creditors, and other parties in interest.

---

[4]  The Debtors reserve all of their rights with respect to the determination of whether any Rejected Lease has been or will have been terminated or breached. In either event, the Debtors do not believe that assumption of the Rejected Leases is in the best interests of their estates or their creditors and thus seek to reject the Rejected Leases pursuant to this Motion.

20.     The Debtors may have claims against the Counterparties arising under, or independently of, the Rejected Leases.  The Debtors do not waive such claims by the filing of this Motion or by the rejection of the Rejected Leases.

### Abandonment of Remaining Personal Property

21.     The Debtors believe that they have removed, or will remove as of the Petition Date, all of their owned personal property assets (the "Remaining Personal Property") currently located at the Leased Premises.  However, out of an abundance of caution and solely to the extent that they retained any ownership interest in any Remaining Personal Property, the Debtors seek authority to abandon any Remaining Personal Property assets that remain at the store locations subject to the Rejected Leases as of the Petition Date.

22.     The Debtors seek to abandon any Remaining Personal Property assets described above as is, where is, and in accordance with section 554(a) of the Bankruptcy Code. Section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).  The Debtors believe that the costs associated with liquidating any Remaining Personal Property at the Leased Premises on the Petition Date will likely approach or exceed the value of such assets.  Accordingly, the Debtors believe that the Remaining Personal Property at the Leased Premises, if any, have inconsequential value to the Debtors' estates and should be abandoned as of the Petition Date.

### Claims Bar Date

23.     As set forth above, the Counterparties may seek to assert claims in connection with the Rejected Leases or the rejection or termination of the Rejected Leases.  To the extent that any Counterparties are entitled to recover any damages in connection with the

Rejected Leases, they can assert a general unsecured claim for such damages, all of which must have occurred prior to the Petition Date.

24.     The Debtors further request by this Motion that the Court fix a claims bar date with respect to the Rejected Leases of the later of (a) thirty (30) days after entry of an order granting the Motion, or (b) the general claims bar date to be established by subsequent order of the Court, failing which such claim or claims by the Counterparty shall be forever barred.

25.     Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides: "[t]he court shall fix . . . the time within which proofs of claim may be filed." Bankruptcy Rule 2002(a)(7) requires at least twenty-one days' notice by mail of the time fixed for filing proofs of claim and interest pursuant to Bankruptcy Rule 3003(c)(3). The Debtors request that the Court, in accordance with Bankruptcy Rule 3003(c)(3), establish a bar date that is the later of (a) thirty (30) days after entry of an order granting the Motion, or (b) the general claims bar date to be established by subsequent order of the Court, failing which such claim or claims by the Counterparty shall be forever barred.

26.     The Debtors will give notice of such bar date to the Counterparties by service of the Order approving this Motion and fixing such bar date. The Debtors will serve such order within three (3) business days of its entry, thereby satisfying the requirements of Bankruptcy Rule 2002(a)(7). The Debtors reserve any and all rights to object to any rejection damage claims or other claims filed by any Counterparty.

### Notice

27.     The Debtors will provide notice of this Motion to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the Committee; (c) the Debtors' prepetition and postpetition lenders; (d) the Counterparties to each

of the Rejected Leases; and (e) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

28.    No previous request for the relief sought herein has been made to this or any other Court.

*[Remainder of page intentionally left blank]*

## Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, (i) granting the Motion, (ii) approving the rejection of the Rejected Leases effective as of the Petition Date, (iii) authorizing the Debtors to abandon any Remaining Personal Property at the Leased Premises on the Petition Date; (iv) fixing a bar date for filing claims, if any, of the Counterparties to the Rejected Leases; and (v) granting such other and further relief as the Court may deem proper.

Dated: February 4, 2015

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Joshua M. Fried (CA Bar No. 181541)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
Telephone: 302/652-4100
Facsimile: 302/652-4400
E-mail:    ljones@pszjlaw.com
           dbertenthal@pszjlaw.com
           jfried@pszjlaw.com
           crobinson@pszjlaw.com

[Proposed] Counsel for the Debtors and Debtors in Possession