IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CACHÉ, INC., et al.,[1] | ) | Case No. 15-10172 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

## APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (the "Debtors") hereby seek entry of an order pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtors to retain and employ Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as counsel for the Debtors *nunc pro tunc* to the Petition Date (the "Application"). In support of the Application, the Debtors rely on (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure*, and (ii) the *Declaration of Laura Davis Jones in Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession Nunc*

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Caché, Inc. (8181); Caché of Las Vegas, Inc. (9821); and Caché of Virginia, Inc. (9725). The location of the Debtors' headquarters and the service address for each of the Debtors is 256 W. 38th Street, New York, NY 10018.

*Pro Tunc to the Petition Date* (the "Jones Declaration"), which are being submitted concurrently with the Application. In support of this Application, the Debtors respectfully state the following:

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 327(a) of the Bankruptcy Code, as well as Bankruptcy Rule 2014(a) and Local Rule 2014-1. Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

### Background

4. On the date hereof (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Concurrently herewith, the Debtors have filed a motion with this Court requesting joint

2

administration of the Debtors' chapter 11 cases (the "Cases") for procedural purposes only. The Debtors are operating their business and managing their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner in these cases, and no official committee has yet been appointed by the Office of the United States Trustee.

5.  The factual background regarding the Debtors, including their current and historical business operations and the events precipitating their chapter 11 filings, is set forth in detail in the *Declaration of Anthony DiPiipa in Support of First Day Motions* (the "DiPippa Declaration") filed concurrently herewith and fully incorporated herein by reference.[2]

### Relief Requested

6.  By this Application, the Debtors seek to employ and retain PSZ&J as its bankruptcy counsel with regard to the filing and prosecution of these chapter 11 cases and all related proceedings. Accordingly, the Debtors respectfully request that this Court enter an order pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1 authorizing the Debtors to employ and retain PSZ&J as its bankruptcy counsel under a general retainer to perform the legal services that will be necessary during this chapter 11 case pursuant to the terms set forth in the Application and the Jones Declaration *nunc pro tunc* to the Petition Date.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the DiPippa Declaration.

7. The Debtors seek to retain PSZ&J as counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. In preparing for the Firm's representation of the Debtors in these cases, PSZ&J has become familiar with the Debtors' affairs and many of the potential legal issues which may arise in the context of this chapter 11 case.

8. The professional services[3] that PSZ&J will provide include, but shall not be limited to:

   a. providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business and management of their property;

   b. preparing on behalf of the Debtors any necessary applications, motions, answers, orders, reports, and other legal papers;

   c. appearing in Court on behalf of the Debtors;

   d. preparing and pursuing confirmation of a plan and approval of a disclosure statement; and

   e. performing other legal services for the Debtors that may be necessary and proper in these proceedings.

9. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to PSZ&J on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J. The

---

[3] Further information regarding PSZ&J's compliance with the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "2013 UST Guidelines") is set forth in the Jones Declaration.

principal attorneys and paralegals presently designated to represent the Debtors and their current standard hourly rates are:

|   |   |   |   |
|---|---|---|---|
| a. | Laura Davis Jones | $1,025.00 |
| b. | Henry C. Kevane | $895.00 |
| c. | David M. Bertenthal | $875.00 |
| d. | Joshua M. Fried | $750.00 |
| e. | Jeffrey W. Dulberg | $725.00 |
| f. | Colin Robinson | $650.00 |
| g. | Paralegals | $295.00 |

10. Other attorneys and paralegals may serve the Debtors in connection with the matters described herein from time to time.

11. The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZ&J for the work of its attorneys and paralegals, to cover fixed and routine overhead expenses, and are subject to periodic adjustments necessitated by market and other conditions. Beyond the rates listed above, it is PSZ&J's policy to charge for all other expenses incurred in connection with the clients' cases. These expenses include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as

5

well as non-ordinary overhead expenses such as secretarial and other overtime. PSZ&J will charge the Debtors for these expenses in a manner and at rates consistent with those charged to other PSZ&J clients and the rules and requirements of this Court. PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

12. To the best of the Debtors' knowledge, except as otherwise disclosed in the Jones Declaration submitted concurrently herewith, PSZ&J has not represented the Debtors, their creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates. Further, to the best of the Debtors' knowledge, PSZ&J does not hold or represent any interest adverse to the Debtors' estate, PSZ&J is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and PSZ&J's employment is necessary and in the best interests of the Debtors and their estates.

13. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $525,000 including the Debtors' aggregate filing fees for these cases, in connection with its prepetition representation of the Debtors. PSZ&J is current as of the Petition Date, but has not yet completed a final reconciliation of its prepetition fees and expenses. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payments to the Firm will be credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

14. The Debtors understand that PSZ&J hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court for all services performed and expenses incurred after the Petition Date.

15. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and further orders of this Court, propose to pay PSZ&J its customary hourly rates for services rendered that are in effect from time to time, as set forth above and in the Jones Declaration, and to reimburse PSZ&J according to its customary reimbursement policies, and submits that such rates are reasonable.

### Notice

16. The Debtors will provide notice of this Motion to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (c) the Debtors' prepetition and postpetition lenders; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

17. No prior request for the relief sought in this Application has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: February ___, 2015

Caché, Inc., et al.

By: _____
Mark Renzi
Its: Chief Restructuring Officer

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CACHÉ, INC., et al.,[1] | ) | Case No. 15-10172 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

**STATEMENT UNDER RULE 2016 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Pachulski Stang Ziehl & Jones LLP ("PSZ&J"), pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 329 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), states that the undersigned is proposed counsel to the above-captioned debtors and debtors in possession (the "Debtors") in these cases. It further states:[2]

1. The Debtors have agreed to pay PSZ&J for the legal services that have been or will be rendered by its various attorneys, paralegals, and case management assistants in connection with these cases on the Debtors' behalf. The Debtors have also agreed to reimburse PSZ&J for its actual and necessary expenses incurred in connection with these cases. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $525,000 including the Debtors' filing fees for these cases, in connection with the preparation of

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Caché, Inc. (8181); Caché of Las Vegas, Inc. (9821); and Caché of Virginia, Inc. (9725). The location of the Debtors' headquarters and the service address for each of the Debtors is 256 W. 38th Street, New York, NY 10018.

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the *Application of Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date.*

initial documents and its prepetition representation of the Debtors. PSZ&J is current as of the Petition Date, but has not yet completed a final reconciliation as of the Petition Date. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the payments to PSZ&J will be credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court.

2.   PSZ&J will seek approval for payment of compensation by filing the appropriate applications for allowance of interim or final compensation pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Delaware, and orders of this Court. The filing fees for the Debtors have been paid in full.

3.   The services to be rendered include all those services set forth in the *Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date*, submitted concurrently herewith.

4.   PSZ&J further states that it has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, of counsel, and associates of PSZ&J, or (b) any compensation another person or party has received or may have received.

DOCS_DE:197395.3 11903/001

Dated: February 4, 2015　　　　PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Joshua M. Fried (CA Bar No. 181541)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
Telephone: 302/652-4100
Facsimile:  302/652-4400
E-mail:　　ljones@pszjlaw.com
　　　　　dbertenthal@pszjlaw.com
　　　　　jfried@pszjlaw.com
　　　　　crobinson@pszjlaw.com

[Proposed] Counsel for the Debtors and Debtors in Possession

3