IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CACHÉ, INC., et al.,[1] | ) | Case No. 15-10172 (MFW) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

**ORDER AUTHORIZING RETENTION AND APPOINTMENT OF
KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS AND NOTICING
AGENT UNDER 28 U.S.C. § 156(c), 11 U.S.C. § 105(a) AND LBR 2002-1(f)**

Upon the application (the "Application") of Caché Inc., et al., the above-captioned debtors and debtors in possession (the "Debtors"), for an order authorizing the retention and appointment of Kurtzman Carson Consultants LLC ("KCC") as claims and noticing agent, under 28 U.S.C. §156(c), Section 105(a) of the Bankruptcy Code[2] and LBR 2002-1(f) and to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket and otherwise administer the proofs of claim filed in the Debtors' cases, and (iii) provide such other administrative services – as required by the Debtors – that would fall within the purview of services to be provided by the Clerk's Office and upon the declaration of Evan Gershbein submitted in support of the Application; and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. §156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in title 11 cases

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Caché, Inc. (8181); Caché of Las Vegas, Inc. (9821); and Caché of Virginia, Inc. (9725). The location of the Debtors' headquarters and the service address for each of the Debtors is 256 W. 38th Street, New York, NY 10018.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that KCC has the capability and experience to provide such services and that KCC does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and good and sufficient notice of the Application having been given; and no other or further notice being required; and it appearing that the employment of KCC is in the best interests of the Debtors, the estates and creditors; and sufficient cause appearing therefor; it is hereby

ORDERED, that, notwithstanding the terms of the Engagement Letter attached to the Application, the Application is approved solely as set forth in this Order; and it is further

ORDERED, that the Debtors are authorized to retain KCC effective as of the Petition Date under the terms of the Engagement Agreement, and KCC is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in these cases, and all related tasks, all as described in the Application (the "Claims and Noticing Services"); and it is further

ORDERED, that KCC shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk; and it is further

ORDERED, that KCC is authorized and directed to obtain a post office box or address for the receipt of proofs of claim; and it is further

ORDERED, that KCC is authorized to take such other action to comply with all duties set forth in the Application; and it is further

ORDERED, that the Debtors are authorized to compensate KCC in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by KCC and the rates charged for each, and to reimburse KCC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for KCC to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses; and it is further

ORDERED, that KCC shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the office of the United States Trustee, counsel for the Debtors, counsel for any official committee, if any, monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices; and it is further

ORDERED, that the parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices, and that the parties may seek resolution of the matter from the Court if resolution is not achieved; and it is further

ORDERED, that pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of KCC under this Order shall be an administrative expense of the Debtors' estates; and it is further

ORDERED, that KCC may apply its retainer to all pre-petition invoices, which retainer shall be replenished to the original retainer amount, and thereafter, KCC may hold its retainer under the Engagement Agreement during the chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement; and it is further

ORDERED, that the Debtors shall indemnify KCC under the terms of the Engagement Agreement as may be modified by this Order; and it is further

ORDERED, that KCC shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court; and it is further

ORDERED, that notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify KCC, or provide contribution or reimbursement to KCC, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from KCC's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of KCC's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co., et al.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which KCC should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order; and it is further

4

ORDERED, that if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these cases, KCC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs, KCC must file an application therefore in this Court, and the Debtors may not pay any such amounts to Claims and Noticing Agent before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by KCC for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify KCC. All parties in interest shall retain the right to object to any demand by KCC for indemnification, contribution or reimbursement; and it is further

ORDERED, that paragraph VIII and limitation of liability provision of paragraph IX(B) of the Engagement Agreement are deemed deleted and are of no force and effect; and it is

ORDERED, that in the event KCC is unable to provide the services set out in this order, KCC will immediately notify the Clerk and Debtors' attorney and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' attorney; and it is further

ORDERED, that the Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by KCC but is not specifically authorized by this Order; and it is further

ORDERED, that the Debtors and KCC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application; and it is further

ORDERED, that, notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order; and it is further

ORDERED, that KCC shall not cease providing claims processing services during the case(s) for any reason, including nonpayment, without an order of the Court; and it is further

ORDERED, that in the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

Dated: Feb. 5, 2015

_____
Honorable Mary F. Walrath
United States Bankruptcy Judge