IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CACHÉ, INC., et al.,[1] | ) | Case No. 15-10172 (MFW) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | **Re: Docket No. 6** |

**ORDER (I) AUTHORIZING DEBTORS TO (A) PAY WAGES, SALARIES, AND CERTAIN OTHER COMPENSATION, WITHHOLDINGS, AND BENEFITS CONTRIBUTIONS; (B) PAY RELATED ADMINISTRATIVE OBLIGATIONS; AND (C) PAY REIMBURSABLE EMPLOYEE EXPENSES; AND (II) AUTHORIZING BANKS AND OTHER FINANCIAL INSTITUTIONS TO PAY ALL CHECKS AND ELECTRONIC PAYMENT REQUESTS MADE BY THE DEBTORS RELATING TO THE FOREGOING**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (i) authorizing, but not requiring, the Debtors to all the relief requested in the Motion, including to pay prepetition (a) wages, salaries, and other compensation, withholdings and benefits contributions, (b) related administrative obligations, and (c) reimbursable employee expenses; and (ii) authorizing and directing banks and other financial institutions to receive, process, honor, and pay all checks presented for payment and electronic payment requests relating to the foregoing; and the Court having found that jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334 as is venue pursuant to 28 U.S.C. §§ 1408 and 1409; this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the relief requested is proper under 11 U.S.C. §§ 105(a), 507(a)(4) and (5), and 541(d); the relief requested

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Caché, Inc. (8181); Caché of Las Vegas, Inc. (9821); and Caché of Virginia, Inc. (9725). The location of the Debtors' headquarters and the service address for each of the Debtors is 256 W. 38th Street, New York, NY 10018.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; such relief is necessary to avoid immediate and irreparable harm meaning that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefore

IT IS HEREBY:

ORDERED that the Motion is GRANTED as set forth herein; and it is further

ORDERED that, pursuant to sections 507(a), 363(b) and 105(a) of the Bankruptcy Code, the Debtors are authorized, but not directed, to pay and/or honor the Unpaid Wages and Benefits, all costs and/or expenses related thereto as set forth in the Motion, in accordance with the Debtors' policies in the ordinary course of business and as provided in the Motion, subject to the following caps:

| | |
|---|---|
| Unpaid Wages (including any "floating" payroll wage checks issued prepetition) | $1,475,000 |
| Employer Withholding Obligations | $590,000 |
| Employee Withholding Obligations | $151,000 |
| 401k Employer Match Obligations | $36,000 |
| Medical Plan Obligations | $63,000 |
| Life Insurance and Disability Insurance | $12,000 |
| Vision Plans | $2,150 |
| Expense Reimbursement Obligations | $240,000 |
| Payroll Related Administrators | $5,000 |
| 401(k) Auditor | $21,000 |
| Store Bonuses (excluding previously issued floating checks) | $175,000 |

and it is further

ORDERED that the Debtors and any other third parties administering Withholding Obligations on behalf of the Debtors, are authorized, but not directed, to make payments to applicable third parties with respect to the Payroll Related Tax Obligations, other Withholding Obligations and/or other Benefits, as set forth in the Motion, and the costs associated therewith, in accordance with the Debtors' ordinary course of business and stated policies, as set forth in the Motion; and it is further

ORDERED that notwithstanding any other provision of this Order, no payments to any individual Employee shall exceed the amounts set forth in 11 U.S.C. sections 507(a)(4) and 507(a)(5); and it is further

ORDERED that nothing in the Motion or this Order shall be deemed to authorize, or give authority to make, any payments which may implicate section 503(c) of the Bankruptcy Code; and it is further

ORDERED that in accordance with this Order and any other order of this Court, the banks and financial institutions at which the Debtors maintain their accounts are authorized to honor all fund transfer requests made by the Debtors related hereto, to the extent that sufficient funds are on deposit in such accounts; and it is further

ORDERED that the Debtors are authorized to pay all processing and administrative fees associated with the Unpaid Wages and Benefits, as set forth in the Motion; and it is further

ORDERED that nothing in the Motion or this Order shall be construed as directing or requiring the Debtors to pay any such amounts, or impairing the Debtors' rights to contest the validity or amount of any Unpaid Wages and/or Benefits; and it is further

ORDERED that nothing in the Motion shall be deemed a request by the Debtors for authority to assume, and nothing in this Order shall be deemed authorization to assume, any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code or create an administrative obligation for any prepetition wages or benefits or other amounts or obligations set forth in the Motion; and it is further

ORDERED that notwithstanding any other provision of this Order, any payments contemplated by the Motion and permitted to be paid by this Order shall be paid only to the extent provided for in the Approved Budget[3], and shall not exceed the amounts set forth therein; and it is further

ORDERED that the requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order; and it is further

ORDERED that notwithstanding the possible applicability of Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable; and it is further

ORDERED that the Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and

---

[3] As defined in the *Interim Order Pursuant To 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (i) Approving Postpetition Financing, (ii) Authorizing Use Of Cash Collateral, (iii) Granting Liens And Providing Superpriority Administrative Expense Status, (iv) Granting Adequate Protection, (v) Modifying Automatic Stay, (vi) Granting Related Relief, And (vii) Scheduling A Final Hearing* [D.I. ____].

Rule 9013-1(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware are satisfied by such notice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: __Feb. 5__, 2015

                                                                          _____
                                                                          Honorable Mary F. Walrath
                                                                          United States Bankruptcy Judge