## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:**<br><br>**Cache, Inc.,**<br><br>　　　　　　**Debtor.** | Chapter 11<br><br>Case No. 15-10172-MFW<br>(Jointly Administered)<br><br>Obj. Deadline 2/18/2015@ 4:00ET<br>Hearing Date: 2/23/2015@12:30 ET<br><br>**Related Docket Nos. 13,63 and 71** |

### LIMITED OBJECTION OF BELLEVUE SQUARE, LLC TO DEBTOR'S MOTION FOR ORDERS (1)(A) AUTHORIZING ENTRY INTO AGENCY AGREEMENT, (B)AUTHORIZING BIDDING PROTECTIONS, (C) AUTHORIZING BIDDING PROCEDURES AND AUCTION AND (D) SCHEDULING SALE HEARING AND APPROVING NOTICE THEREOF; (II) AUTHORIZING (A)SALE OF ASSETS AND (B) STORE CLOSING SALES AND (III) GRANTING RELATED RELIEF

　　Bellevue Square, LLC ("Bellevue Square" or "Landlord")), the landlord for Debtor Cache, Inc.'s ("Cache") store located in Bellevue Square Mall in Bellevue, Washington (the "Premises"), hereby objects to the Debtor's Motion For Orders (I)(A) Authorizing Entry Into Agency Agreement, (B) Authorizing Bidding Protections, (C) Authorizing Bidding Procedures And Auction and (D) Scheduling Sale Hearing and Approving Notice Thereof; (II) Authorizing (A) Sale of Assets and (B) Store Closing Sales and (III) Granting Related Relief. (the "Motion"). Specifically, Bellevue Square objects to: (1) proposed going out of business sale guidelines, and (2) the assumption and assignment of the applicable lease without the protections to which the landlord is entitled under 11 U.S.C. § 365. Bellevue Square hereby joins in and incorporates herein by reference objections raised by similarly situated landlords. In furtherance thereof Bellevue Square states as follows:

　　JURISDICTIONAL INFORMATION

1.　　On February 4, 2015 (The "Petition Date"), Debtors filed for bankruptcy protection

under Chapter 11 of Title 11 of the United State Bankruptcy Code, 11 U.S.C. § 101 et. Seq. (the "Bankruptcy Code") Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. Simultaneous with the filing of the Petition the Debtors filed the Motions.

2. This Court has jurisdiction over the Motions and this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtors' chapter 11 cases, the Motions and this Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

I.  BACKGROUND FACTS

3. Landlord and Debtor entered into a non-residential real property lease dated September 23, 1991 located in Bellevue Square Mall, which lease has been the subject of eight Lease Amendments. (Collectively the "Lease")

4. The Premises is located in a shopping center, as that term is used and defined in 11 U.S.C. § 365(b)(3) and *In re Joshua Slocum, Ltd.* 922 F.2d 1081, 1086-87 (3rd Cir. 1990).

5. The Motions were filed as part of the first day pleadings and this Court set February 18, 2015 as the Objection Deadline.

6. By this Objection, Landlord objects to certain provisions set forth in the Motions.

III. ARGUMENT

7. Bellevue Square is a high-end enclosed mall. The Lease between Bellevue Square and Cache contains blanket restrictions on store closing sales. Several of the proposed Guidelines not only violate the Lease provisions, but deviate substantially from the types of guidelines other bankruptcy courts have approved in balancing landlords' rights versus a debtor's need for an expedited liquidation sale.

Among the obvious deficiencies in the Sale Guideline are:

- The Debtor or Agent should be prohibited from augmenting store inventories with

any goods not already owned by the Debtor or that do not specifically comply with the Use Restrictions in the Lease that limits the use to retail sale of high quality women's ready-to-wear clothing and women's clothing accessories such as belts, scarves, and gloves, and for no other use or purpose.

- Auctions in the stores should be prohibited
- Not more than 60% of any window shall be covered with signs
- The maximum size window sign shall be 36" by 60"
- Signs must be set back from and not attached to the windows
- No drilling shall take place without the prior written consent of the landlord
- The sale hours are defined as no greater than mall hours, but should be required to be the same hours as set forth in the lease.

8. The Motion is extremely vague with respect to procedures regarding the potential assumption and assignment of leases. It appears that the Debtor seeks approval to decide on Friday, February 27, 2015 that it wants to accept an offer from a going concern sale buyer, and then seek Court approval of the sale to that buyer, with lease assumptions approved, on Tuesday, March 3, 2015. This schedule creates ridiculously inadequate time for the Debtor to provide landlords adequate assurance information from any potential assignee and for landlords to evaluate the information and object if appropriate. Bellevue Square reserves all of its rights under Section 365 of the Bankruptcy Code, including without limitation the rights to evaluate the financial position of a proposed assignee and to require that a proposed assignee comply with the shopping center provisions of 11 U.S.C. § 365(b)(3).

**Dated: February 18, 2015**       **MONZACK MERSKY McLAUGHLIN AND BROWDER, P.A.**

/s/ Rachel B. Mersky
Rachel B. Mersky, Esquire (DE #2049)
1201 N. Orange Street, Suite 400
Wilmington, DE 19801-1155
Telephone:    (302) 656-8162

Facsimile:   (302) 656-2769
Email:       rmersky@monlaw.com

AND

Perkins Coie LLP
John S. Kaplan
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
Telephone:   (206) 359-8408
Facsimile:   (206)359-9408
E. JKaplan@perkinscoie.com

**Attorneys for Bellevue Square LLC**