IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 |
| | § | |
| Cache, INC, *et al.*, | § | Case No. 15-10172 (MFW) |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | **Related Docket Nos.13,63** |

<u>CERTAIN TEXAS TAXING ENTITIES' LIMITED OBJECTION TO DEBTORS' MOTION FOR ORDERS (I)(A) AUTHORIZING ENTRY INTO AGENCY AGREEMENT, (B) AUTHORIZING BIDDING PROTECTIONS, (C) AUTHORIZING BIDDING PROCEDURES AND AUCTION AND (D) SCHEDULING SALE HEARING AND APPROVING NOTICE THEREOF; (II) AUTHORIZING (A) SALE OF ASSETS AND (B) STORE CLOSING SALES AND (III) GRANTING RELATED RELIEF</u>

(Relates to Doc. No.13,63)

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Spring Branch ISD, City of Houston, Clear Creek ISD, Fort Bend ISD, Fort Bend LID #2, Woodlands Metro Center MUD, Woodlands Road Utility District #1 , Richardson ISD, Carroll ISD, and Mc Allen ISD secured creditors and parties in interest ("Certain Texas Taxing Entities") file this its Limited Objection to Debtors' Motion for Orders (I)(A) Authorizing Entry Into Agency Agreement, (B) Authorizing Bidding Protections, (C) Authorizing Bidding Procedures and Auction and (D) Scheduling Sale Hearing and Approving Notice Thereof; (II) Authorizing (A) Sale of Assets and (B) Store Closing Sales and (III) Granting Related Relief (the "Sale Motion") and respectfully shows as follows:

1. The Certain Texas Taxing Entities are political subdivisions of the State of Texas, authorized and required by the Constitution and laws of the State of Texas to levy and collect ad valorem taxes on taxable real and personal property within its boundaries.

2. The Certain Texas Taxing Entities have filed claims for property taxes assessed on the Debtors' tangible personal property located within its boundaries for the 2014 and estimated 2015 tax years in the amount of $27,109.06 as of the Petition Date.

3. The Certain Texas Taxing Entities claims are secured with unavoidable liens that are generally superior to those of any other secured claimant pursuant to Article VIII, Section 15 of the Texas Constitution, and Sections 32.01 and 32.35(b) of the Texas Property Tax Code.

4. It is unclear to the Certain Texas Taxing Entities whether the sale terms provide that the tax liens attach to the sale proceeds, but even if they do, this would not adequately protect the tax liens and claims as required by 11 U.S.C. § 363(e). The proceeds for the sale of the Certain Texas Taxing Entities' collateral constitutes the cash collateral of the Certain Texas Taxing Entities, and it objects to the use of its collateral to pay any other creditors of the estates. Pursuant to 11 U.S.C. §363(c)(4), absent consent by the Certain Texas Taxing Entities or an order of the Court permitting use of its cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession. The Debtors have not filed a motion seeking to use the cash collateral of the Certain Texas Taxing Entities nor has there been a hearing on the use of he Certain Texas Taxing Entities' collateral. Accordingly, absent its consent, a segregated account must be established from the sale proceeds to comply with the requirements of § 363(c)(4).

The proceeds from the sale of the Certain Texas Taxing Entities collateral should not be distributed to any other party unless and until its claim, including any interest thereon as allowed under 11 U.S.C. §§ 506(b), 511 and 1129, are paid in full.

In the event of a credit bid, there may be no sale proceeds to which the tax liens can attach or which may be used to pay the claims of the Certain Texas Taxing Entities. In the event of a credit bid by a junior lienholder, the property should be sold subject to the senior tax liens or the liens should be paid at closing. A credit bid by a junior lienholder is an attempt to avoid the consequences of foreclosing/seizing the property under applicable non-bankruptcy laws which

would require it to take the property subject to the tax liens. There is no legal or equitable basis for thus subordinating or avoiding the tax liens. Absent provision for the adequate protection of the tax liens, the Certain Texas Taxing Entities objects to the approval of a sale on a credit bid.

5. Further, to the extent the sale of substantially all of the Debtors' assets does not occur prior to January 1, 2015 and the Debtors have taxable property within the boundaries of the Certain Texas Taxing Entities on January 1, 2015, the Debtors will incur property tax liability to the Certain Texas Taxing Entities for the 2015 tax year. In this event, sufficient additional sale proceeds will have to segregated to pay the taxes assessed for the 2015 tax year in order to adequately protect the Certain Texas Taxing Entities.

WHEREFORE, the Certain Texas Taxing Entities object to the Debtors' Sale Motion and request this Court to order appropriate provisions to assure the protection of the position of this secured tax creditor, and grant them such other and further request other relief as is just and proper.

Dated:

February 20, 2015.

        Respectfully submitted,

        PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.
        Attorneys for Certain Texas Taxing Entities


        /s/ *Eboney Cobb*_____-+
        Eboney Cobb
        Texas State Bar No. 24048397
        Elizabeth Calvo Banda
        Texas State Bar No. 24012238
        500 E. Border St., Suite 640
        Arlington, Texas 76010
        (817) 461-3344 (phone)
        (817) 860-6509 (fax)