UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | CASE NO. 15-10172 (MFW) |
| CACHE, INC., et al, | Chapter 11<br>Jointly Administered |
| DEBTORS. | Hearing: March 3, 2015 at 11:30 a.m. ET |

**Local Texas Tax Authorities' Objection to Debtors' Motion for Orders (I)(A) Authorizing Entry Into Agency Agreement, (B) Authorizing Bidding Protections, (C) Authorizing Bidding Procedures and Auction and (D) Scheduling Sale Hearing and Approving Notice Thereof; (II) Authorizing (A) Sale of Assets and (B) Store Closing Sales and (III) Granting Related Relief**

TO THE HONORABLE COURT:

NOW COME Bexar County, Cypress-Fairbanks ISD, Dallas County, El Paso, Fort Bend County, Frisco, Harris County, Hidalgo County, McAllen, Montgomery County, San Marcos ISD, and Tarrant County (jointly the "Local Texas Tax Authorities" or "Tax Authorities") and file their Objection to the Debtors' Motion for entry of an Order authorizing Debtors to sell substantially all their assets and for other related relief (hereinafter the "Sale Motion"). In support of their Objection, the Tax Authorities would show the Court the following:

I.

The Local Texas Tax Authorities are political subdivisions of the State of Texas authorized to assess and collect ad valorem taxes pursuant to the laws of the State. The Tax Authorities have filed secured claims totaling approximately $92,000 for ad valorem taxes owed on the Debtors' personal property for the 2015 and prior tax years.

1

II.

The claims of the Tax Authorities are secured with unavoidable liens that are superior to that of any other secured claimant pursuant to the Texas Constitution, Article VIII, Section 15, and the Texas Property Tax Code §§ 32.01 and 32.05(b). The priority of the tax claims and related liens is determined under applicable non-bankruptcy law.   11 U.S.C. § 506; <u>Butner v. U.S.</u>, 440 U.S. 48, 55 (1979).  The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien.  <u>See</u> Texas Property tax Code §32.05 (b); <u>See also</u> <u>Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.</u>, 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien).    The tax lien arises on January 1 of each tax year and "floats" to after acquired property. <u>See</u> <u>City of Dallas v. Cornerstone Bank</u>, 879 S.W. 2d 264 (Tex. App. - Dallas 1994).   The tax lien is a lien *in solido* and is a lien on all personal property of the Debtor.   <u>See</u> <u>In re Universal Seismic</u>, 288 F.3d 205 (5th Cir. 2002).   The tax lien is also unavoidable.   <u>See</u> <u>In re: Winns</u>, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

III.

It is unclear whether the sale terms provide that the tax liens attach to the sale proceeds, but even if they do, this would not adequately protect the tax liens and claims as required by 11 U.S.C. § 363(e).    The proceeds from the sale of the Tax Authorities' collateral constitute the cash collateral of these claimants, and they object to the use of their collateral to pay any other creditors of this estate.   Pursuant to 11 U.S.C. § 363(c) (4), absent consent by these claimants or an order of the Court permitting use of their cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession.   The Debtors have not filed a motion seeking to use the cash

2

collateral of these claimants nor has there been notice or a hearing on the use of these claimants' collateral. Accordingly, absent their consent, a segregated account must be established from the sale proceeds to comply with the requirements of § 363(c)(4).

The proceeds from the sale of the Tax Authorities' collateral should not be distributed to any other party unless and until their claims, including any interest thereon as allowed under 11 U.S.C. §§ 506(b), 511 and 1129, are paid in full.

In the event of a credit bid, there may be no sale proceeds to which the liens can attach or which may be used to pay the claims of the Tax Authorities. In the event of a credit bid by a junior lienholder, the property should be sold subject to the senior tax liens or the liens should be paid at closing. A credit bid by a junior lienholder is an attempt to avoid the consequences of foreclosing/seizing the property under applicable non-bankruptcy law which would require it to take the property subject to the tax liens. There is no legal or equitable basis for thus subordinating or avoiding the tax liens. Absent provisions for the adequate protection of the tax liens, the Local Texas Tax Authorities object to the approval of a sale on a credit bid.

IV.

WHEREFORE, the Local Texas Tax Authorities object to the Debtors' Sale Motion and request this Court to order appropriate provisions to assure the protection of the position of these secured tax creditors, and further request other and such relief as is just and proper.

Dated: February 27, 2015

                    Respectfully submitted,

                    LINEBARGER GOGGAN BLAIR & SAMPSON, LLP

                    BY:   /s/ Elizabeth Weller
                          Elizabeth Weller
                          Tex. Bar No. 00785514

2777 N. Stemmons Fwy., Ste. 1000
Dallas, TX 75207
 (469)221-5075 phone
(469)221-5003 fax
BethW@publicans.com email

Counsel for the Local Texas Tax Authorities

CERTIFICATE OF SERVICE

I hereby certify that this 27th day of February, 2015 , I caused a true and exact copy of the foregoing to be served upon all parties to the Court's electronic noticing system and upon the parties set forth below via email.

   /s/ Elizabeth Weller
Elizabeth Weller

Pachulski Stang Ziehl & Jones LLP
Attn: Laura Davis Jones and David Bertenthal
Ljones@pszjlaw.com and Dbertenthal@pszjlaw.com

Janney Montgomery Scott
Attn: Daniel Shea
dshea@janney.com

Wachtell, Lipton, Rosen & Katz
Attn: Scott Charles & Neil Snyder
skcharles@wirk.com and nmsnyder@wirk.com

Choate Hall & Stewart
Attn: John Ventola
jventola@choate.com

DiConza Traurig Kadish, LLP
Attn: Maura Russell
mrussell@dtklawgroup.com

Otterbourg,   P.C.
Attn. David Posner
dposner@otterbourg.com

Bayard, P.A.
Attn: Scott Cousins
scousins@bayardlaw.com

Office of the United States Trustee
Attn: David L. Buchbinder
At David.L.Buchbinder@usdoj.gov