IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CACHE, INC., et al, | § | 15-10172 (MFW) |
| | § | (Jointly Administered) |
| | § | |
| | § | **Obj Deadline 3/2/2015 @ 12:00 p.m.** |
| | § | **Hearing Date 3/3/2015 @ 11:30 a.m.** |
| Debtors. | § | **Re: Docket No. 196** |

**RIVERWALK MARKETPLACE (NEW ORLEANS), LLC'S LIMITED OBJECTION TO THE UNEXPIRED LEASE OR EXECUTORY CONTRACT ASSUMPTION AND CURE NOTICE RELATED TO**

Riverwalk Marketplace (New Orleans), LLC ("Riverwalk") by and through the undersigned counsel hereby objects to the Unexpired Lease or Executory Contract Assumption and Cure Notice (the "Notice") and states:

1. On February 4, 2015, the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

2. Cache, Inc. ("Cache") and Riverwalk are parties to that certain lease for the retail center located at 4819 Prytania Street, New Orleans, LA 70115 and otherwise known as The Outlet Collection at Riverwalk, Store 165.

3. On February 25, 2015, the Debtors served the Notice upon Riverwalk and its counsel a cure amount statement listing the required monetary cure amount for assumption and assignment of the Lease at $21,628.40 (the "Proposed Cure Amount").

-1-

4. Riverwalk (i) objects to the proposed assumption of the Lease absent full compliance with § 365(b)(1) and (3), (ii) objects to the Proposed Cure Amount, and (iii) protectively objects to any proposed assignment of the Lease absent full compliance with § 365.

5. First, no assumption of the Lease should be approved until the Debtors confirm that such assumption will include the Lease, as currently in force between the parties. Second, no assumption of the Lease should be allowed until the Debtors provide Riverwalk with sufficient information as to adequate assurance of future performance by the proposed assignee. *See* 11 U.S.C. § 365(b)(1)(C) and (3).  Third, the Proposed Cure Amount of $21,628.40 should not be approved because it does not reflect the accrued and unpaid amounts due under the Lease as of the effective date of the proposed assumption.[1]  Finally, to the extent that the Debtors propose to assign the Lease, the Debtors must provide Riverwalk with advanced notice as to the identity of any proposed assignee, information sufficient to determine adequate assurance of future performance, and an opportunity to be heard with respect to any such proposed assignment. *See* 11 U.S.C. § 365(b)(3) and (f)(2)(B).

---

[1] As a condition to assumption of the Lease, Cache must pay all accrued and unpaid amounts due under the Lease. *See* 11 U.S.C. § 365(b)(1).  The total present rental cure amount, subject to accrual through the date of assumption, is $25,193.97, plus tenant reconciliations for 2015 and year-to-date amounts in 2015. The $25,193.97 is broken down as follows:
$  3,317.69 – November Rent
$  8,294.23 – December Rent
$  8,294.23 – January Rent
$  8,294.23 – February Rent
$28,200.38 – Total
-   3,006.41 – Check Received pre-petition
$25,193.97   Balance

In addition to the foregoing rental amounts, Cache is responsible for amounts owed to one of Cache's contractors in the amount of $67,753.79, which now encumbers Riverwalk's property in violation of the Lease, as well as for legal fees incurred as provided for and allowed by the Lease. *See In re Crown Books Corp.,* 269 B.R. 12, 15 (Bankr. D. Del. 2001) (explaining attorneys' fees are recoverable a part of a cure claim when provided for in the parties agreement).

6.      Riverwalk hereby reserves any right of setoff or recoupment with respect to any amounts allegedly owing to Cache under the Lease.

WHEREFORE, Riverwalk respectfully requests that this Court sustain the objections stated herein, and grant Riverwalk and such additional relief as the Court may deem just and equitable.

Dated: March 2, 2015

          **MONZACK MERSKY McLAUGHLIN**
          **AND BROWDER, P.A.**

          */s/ Rachel B. Mersky*
          Rachel B. Mersky, Esquire (DE #2049)
          1201 N. Orange Street, Suite 400
          Wilmington, DE 19801-1155
          Telephone:    (302) 656-8162
          Facsimile:    (302) 656-2769
          Email:           rmersky@monlaw.com

                        AND

          By:    */s/ Howard Marc Spector*
          Howard Marc Spector (TBA #0078502
          SPECTOR & JOHNSON, PLLC
          12770 Coit Road, Suite 1100
          Dallas, Texas 75251
          (214) 365-5377
          (214) 237-3380 (fax)
          hspector@spectorjohnson.com

          COUNSEL FOR
          RIVERWALK MARKETPLACE, LLC

## **CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing pleading will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, and via electronic mail and/or facsimile transmission to the parties listed below on March 2, 2015.

                                                               */s/ Howard Marc Spector*
                                                             Howard Marc Spector

| | |
|---|---|
| Laura Davis Jones<br>David M. Bertenthal<br>Pachulski Stang Ziehl & Jones LLP<br>919 N. Market Street, 17th Floor<br>Wilmington, DE 19801<br>Email: ljones@pszjlaw.com | Via Fax No. 302-652-4400 |
| John Ventola<br>Choate, Hall & Stewart LLP<br>Two International Place<br>Boston, MA 02110<br>Email: jventola@choate.com | Via Fax No. 617-248-4000 |
| Maura I. Russell<br>DiConza Traurig Kadish, LLP<br>630 Third Avenue, 7th Floor<br>New York, NY 10017<br>Email: mrussell@dtklawgroup.com | Via Fax No. 212-682-4942 |
| David L. Buchbinder<br>Office of the U.S. Trustee<br>J. Caleb Boggs Federal Building<br>Suite 2207<br>Wilmington, DE 19801<br>Email: david.l.buchbinder@usdoj.gov | Via Fax No. 302-573-6497 |
| David M. Posner<br>Otterbourg, Steindler, Houston & Rosen<br>230 Park Ave<br>New York, NY 10169<br>Email: dposner@oshr.com | Via Fax No. 212-682-6104 |