### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>CACHÉ, INC., *et al.*,<br><br>Debtors[1]. | Chapter 11<br><br>Case No. 15-10172 (MFW)<br>(Jointly Administered)<br><br>Objection Deadline:  March 2, 2015 at 12:00 p.m. (ET)<br>Hearing:  March 3, 2015 at 11:30 a.m. (ET)<br><br>**Related Doc. Nos. 13, 196** |

### OBJECTION OF DDR CORP., FOREST CITY COMMERCIAL MANAGEMENT, JONES LANG LASALLE AMERICAS, INC., AND TURNBERRY ASSOCIATES TO THE DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES AND  PROPOSED CURE AMOUNTS

DDR Corp., Jones Lang LaSalle Americas, Inc., Forest City Commercial Management, and Turnberry Associates as landlords, owners, and/or managing agents for the properties listed on the attached Exhibit A (collectively, the "Landlords"), by and through their undersigned counsel, Kelley Drye & Warren LLP, object to the above-captioned Debtors' (the "Debtors") proposed assumption and assignment of the Landlords' leases with the Debtors (the "Leases") to an unspecified entity and the Debtors' proposed cure amounts.  In support of this Objection, the Landlords respectfully state as follows:

### BACKGROUND

1. On February 4, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court.

---

[1] The Debtors, with the last four digits of each Debtor's tax identification number, are: Caché, Inc. (8181); Caché of Las Vegas, Inc. (9821); and Caché of Virginia, Inc. (9725). The location of the Debtors' headquarters and the service address for each of the Debtors is 256 W. 38th Street, New York, NY 10018.

2.      Since the Petition Date, the Debtors have continued in the operation and management of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      The Landlords are the owners or managing agents for the owners of numerous shopping centers located throughout the United States.  The Debtors lease retail space from the Landlords pursuant to written leases at the locations (the "Leased Premises") identified in the chart attached hereto as Exhibit A.  The Leased Premises are located in shopping centers as that term is used in section 365(b)(3) of the Bankruptcy Code.  *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

4.      On February 4, 2015, the Debtors filed the *Motion for Orders (i)(a) Authorizing Entry into Agency Agreement, (b) Authorizing Bidding Protections, (c) Authorizing Bidding Procedures and Auction, and (d) Scheduling Sale Hearing and Approving Notice Thereof; (ii) Authorizing (a) Sale of Assets and (b) Store Closing Sales; and (iii) Granting Related Relief* (the "Sale Motion"),[2] which provides for a liquidation bid from a joint venture comprised of SB Capital Group, LLC and Tiger Capital Group, LLC (the "Agent") to act as the stalking horse bidder.

5.      On February 25, 2015, the Court entered an Order granting the Debtors' Sale Motion (the "Bidding Procedures Order").

6.      On or around February 25, 2015, the Debtors served several *Unexpired Lease or Executory Contract Assumptions and Cure Notices* ("Cure Notices") on the Landlords. Per the Cure Notices, the Debtors advised of the contracts and leases to be assumed and assigned and the corresponding cure costs associated with each (the "Debtors Cure Amounts").

---

[2]      Docket No. 13.
[2]      Docket No. 196.

## CURE OBJECTION

7.      The Landlords dispute the Debtors Cure Amounts.  The amounts set forth in the Cure Notices do not reflect all outstanding balances owed to the Landlords under the Leases, and the Debtors Cure Amounts do not include accrued but unbilled charges which may be due in the future under the Leases.  The correct amounts outstanding under the Leases are attached to this Objection as Exhibit A[3] (the "Landlord Cure Amounts") under the column entitled "Landlord Cure Amount."  The Landlord Cure Amounts include an estimate of $2,500 for attorneys' fees incurred to date.

8.      Prior to assumption and assignment, the Debtors are required to cure all outstanding defaults under the Leases pursuant to section 365(b)(1) of the Bankruptcy Code. Pursuant to the Leases, the Debtors are obligated to pay regular installments of fixed monthly rent, as well as a pro rata share of common area maintenance costs, real estate taxes, and insurance.  Moreover, prior to assumption and assignment, the Debtors must also compensate the Landlords for any actual pecuniary losses under the Leases.  *See* 11 U.S.C. §365(b)(1)(B).  As part of its pecuniary losses, the Landlords are entitled to attorneys' fees in connection with the Debtors' defaults under the Leases.  *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986).

---

[3]      In certain instances, the amounts reflected on Exhibit A are estimates which may change based on information not currently available.  The Landlords reserve their rights to amend and supplement the amounts set forth on Exhibit A.

9.      To the extent that rent, attorneys' fees, interest, or other charges continue to accrue, and/or the Landlords suffer other pecuniary losses with respect to the Leases, the Landlords hereby reserve their rights to amend the Landlord Cure Amounts to reflect such additional amounts or to account for year-end adjustments (the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the Leases. As such, the Debtors or their assignee(s) must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the Leases, regardless of when such Adjustment Amounts are or were incurred.

10.     The Landlords request that the Debtors or their assignee(s) continue to comply with all contractual obligations, including the obligation to indemnify and hold the Landlords harmless. This indemnification obligation should include any events which occurred before the assumption and assignment but were not known to either the Landlords or the Debtors as of the date of the assumption and assignment. The indemnification obligation includes, but is not limited to, any (i) claims for personal injury that occurred at the Leased Premises, (ii) damage or destruction to the Leased Premises or property caused by the Debtors or their agents, and (iii) environmental damage or clean-up.

## ADEQUATE ASSURANCE OBJECTION

11.     In connection with the assumption and assignment of leases, shopping center landlords are afforded special statutory protections under the Bankruptcy Code in the form of adequate assurance of future performance. *In re Joshua Slocum*, 922 F.2d 1086; *In re Trak Auto Corp.*, 277 B.R. 655 (Bankr. E.D. Va. 2002). Section 365(b)(1) of the Bankruptcy Code provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or

lease unless, at the time of the assumption of such contract or lease, the trustee–

(A)  cures, or provides adequate assurance that the trustee will promptly cure, such default…;

(B)  compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease for any actual pecuniary loss to such party resulting from such default; and

(C)  provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

12.    In connection with a shopping center lease, adequate assurance of future performance includes adequate assurance

(A)    of the source of rent… due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee… shall be similar to the financial condition and operating performance of the debtor…;

(B)    that any percentage rent due under such lease will not decline substantially;

(C)    that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as radius, location, use, or exclusivity, … and

(D)    that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3).

13.    The Debtors bear the burden of proving adequate assurance of future performance in connection with the assumption and assignment of the Leases.  *In re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143 (Bankr. D. Conn. 1995); *In re Rachels Indus. Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1981).

14.     The Sale Motion and accompanying documents do not specifically require that the Landlords receive any adequate assurance of future performance information.  The Sale Motion only states that Debtors will provide evidence of adequate assurance of future performance at the sale hearing, if necessary.  The failure to provide any evidence supporting adequate assurance of future performance prior to the Landlords' deadline to object to a sale does not satisfy the requirements of Section 365(b), especially with respect to shopping center leases as discussed below.

15.     The Landlords have not yet received any information evidencing any bidder's adequate assurance of future performance.  Therefore, the Landlords are unable at this point to assess whether or not their rights are being satisfied and reserve their rights to object to any adequate assurance information provided by either the Debtors, the Stalking Horse Bidder, or any other bidder.  The Landlords object to any request to approve the assumption and assignment of Leases without providing the Landlords sufficient time to review adequate assurance of future performance information for the successful bidder, and to object if necessary, to the information provided or the proposed assignee.  The sale hearing scheduled for March 3, 2015 should only be a status conference with respect to issues of assumption and assignment of the Leases.

16.     In addition, whether or not the Debtors or their assignee(s) will satisfy the Adjustment Amounts is a question of adequate assurance.  If the Debtors cannot provide adequate assurance that they or their assignee(s) will satisfy the Adjustments Amounts when they come due, then the Debtors have not provided the adequate assurance of future performance to which the Landlords are entitled under section 365(b)(1) of the Bankruptcy Code.

6

## **OBJECTION TO ASSUMPTION OF STORE NO. 511**

17.    The Debtor's lease (the "Paseo Colorado Lease") for store no. 511 at Paseo Colorado in Pasadena, California (the "Paseo Colorado Store") expired by its terms on February 28, 2015.  Prior to the commencement of these cases, on January 27, 2015, the landlord, Paseo Colorado Holdings, LLC through its parent, DDR Corp., delivered a "Notice to Vacate" to the Debtors requiring them to vacate no later than February 28, 2015.  As a result, there is no 'lease' for the Debtors to assume and assign to a purchaser of assets.  However, the Debtors and the landlord have agreed that the Debtors may use and occupy the Paseo Colorado Store pursuant to the terms of the Paseo Colorado Lease for an additional two weeks provided that the Debtors and any agent retained to liquidate inventory vacates the Paseo Store no later than March 15, 2015.  DDR and the Debtors are currently negotiating an appropriate stipulation to memorialize this agreement.

## **RESERVATION OF RIGHTS**

18.    The Landlords reserve their rights to amend and/or supplement this Objection, including, without limitation, adding any obligations that accrue, arise, or are related to the pre-assumption and assignment period that subsequently become known to the Landlords.

19.    The Landlords also reserve their rights to object to the assumption and assignment of the Leases on any basis, including, without limitation, that the Debtors have failed to provide adequate assurance of future performance by the Debtors or their proposed assignee(s).

**WHEREFORE**, the Landlords request that the Court enter an order (i) requiring the Debtors or their assignee(s) to pay the Landlord Cure Amounts; (ii) reserving the Landlords' rights to assert additional cure amounts, including attorneys' fees, due under the Leases at the time of assumption and assignment; (iii) requiring the Debtors or their assignee(s) to continue to comply with the obligations under the Leases to pay the Adjustment Amounts and any indemnification obligations in the regular course of business; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 2, 2015

**KELLEY DRYE & WARREN LLP**

By: */s/ Robert L. LeHane*
Robert L. LeHane
Jennifer D. Raviele
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

Counsel for DDR Corp., Forest City Commercial Management, Jones Lang LaSalle Americas, Inc., and Turnberry Associates

**EXHIBIT A**

| Property | Landlord or Managing Agent | Location | Store No. | Landlord Cure Amount | Debtors Cure Amount |
|---|---|---|---|---|---|
| **Jones Lang LaSalle Americas, Inc.** | | | | | |
| Galleria at Ft. Lauderdale | Keystone - Florida Property Holding Corp. | Ft. Lauderdale, FL | 10 | $81,203.43 | $55,534.23 |

| | | | | | |
|---|---|---|---|---|---|
| **Forest City Commercial Management** | | | | | |
| South Bay Galleria | Forest City Commercial Management | Redondo Beach, CA | 148 | $38,640.00 | $29,938.51 |
| Short Pump Town Center | Short Pump Town Center LLC | Richmond, VA | 229 | $44,412.95 | $41,622.01 |

| | | | | | |
|---|---|---|---|---|---|
| **Turnberry Associates** | | | | | |
| Aventura Mall – Store No. 1 | Turnberry Aventura Mall Co. Ltd. | Aventura, FL | 412 | $73,725.41 | $33,709.83 |
| Aventura Mall – Store No. 2 | Turnberry Aventura Mall Co. Ltd. | Aventura, FL | 112 | $111,911.34 | $68,266.89 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CACHÉ, INC., *et al.*, | Case No. 15-10172 (MFW) |
| Debtors. | (Jointly Administered) |

## CERTIFICATE OF SERVICE

I, Sarah A. Carnes, hereby certify that on this 2nd day of March 2015, I served a true and correct copy of the foregoing document by first-class mail, postage pre-paid, upon the following parties:

| | |
|---|---|
| Attn:  Laura Davis Jones<br>Attn:  David M. Bertenthal<br>Pachulski Stang Ziehl & Jones LLP<br>919 N Market St, 17th Flr<br>Wilmington, DE 19801 | Attn:  Mark Renzi<br>Cache, Inc.<br>256 W 38th St, 2nd Flr<br>New York, NY 10018 |
| Attn:  Daniel Shea<br>Montgomery Scott LLC<br>575 Lexington Ave, 15th Flr<br>New York, NY 10022 | Attn:  Kyle C. Shonak<br>Salus Capital Partners, LLC<br>197 First Ave, Ste 250<br>Needham, MA 02494 |
| Attn:  John F. Ventol<br>Choate Hall & Stewart<br>Two International Place<br>Boston, MA 02110 | Attn:  Maura I. Russell<br>DiConza Traurig Kadish LLP<br>630 Third Ave, 7th Flr<br>New York, NY 10017 |
| Attn:  David M. Posner<br>Attn:  Gianfranco Finizio<br>Otterbourg P.C.<br>230 Park Ave<br>New York, NY 10169-0075 | Attn:  Scott D. Cousins<br>Attn:  Evan T. Miller<br>BAYARD, P.A.<br>222 Delaware Ave, Ste 900<br>Wilmington, DE 19801 |

By: */s/ Sarah A. Carnes*
　　　Sarah A. Carnes