THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CACHÉ, INC., et al.,[1] | ) | Case No. 15-10172 (MFW) |
| | ) | |
| Debtors. | ) | (Joint Administered) |
| | ) | **Re: Docket No. 17** |

**ORDER AUTHORIZING THE DEBTORS (A) TO REJECT CERTAIN UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES PURSUANT TO 11 U.S.C. § 365, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE, (B) ABANDON ANY REMAINING PERSONAL PROPERTY LOCATED AT THE LEASED PREMISES, AND (C) FIXING A BAR DATE FOR CLAIMS OF COUNTERPARTIES**

Upon consideration of the motion (the "Motion")[2] of the the above-captioned debtors and debtors-in-possession (the "Debtors") for entry of an order, pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to reject those unexpired leases set forth in Exhibit A hereto (the "Rejected Leases"), to abandon any remaining personal property located at the Leased Premises, and fixing a bar date for filing of claims of the Counterparties to the Rejected Leases; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Rejected Leases listed on Exhibit A attached hereto are deemed rejected effective as of the Petition Date, without prejudice to the Debtors' rights to assert that

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Caché, Inc. (8181); Caché of Las Vegas, Inc. (9821); and Caché of Virginia, Inc. (9725). The location of the Debtors' headquarters and the service address for each of the Debtors is 256 W. 38th Street, New York, NY 10018.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

the Rejected Leases were terminated prior to the Petition Date.

3. The Debtors are deemed to have abandoned any property remaining in the Leased Premises as of the Petition Date. Counterparties may, in their sole discretion and without further notice, liability or order of this Court, utilize and/or dispose of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition. The Counterparties reserve the right to assert claims for all costs of disposing of such abandoned property and the Debtors, the Committee, and all other parties in interests' rights to object to such claims are reserved; provided, however, that any such claims must be made in accordance with any procedures established by the Court for filing proofs of claim.

4. Within three (3) business days after entry of this Order, the Debtors will serve this Order on the Counterparty to each Rejected Lease.

5. The Counterparty to the Rejected Lease must file a claim under section 502 of the Bankruptcy Code or other claims in connection with such Rejected Lease or the rejection, breach or termination of such Rejected Lease on the later of (a) thirty (30) days after entry of this Order, or (b) the general claims bar date to be established by subsequent order of the Court, failing which such claim or claims by the Counterparty shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

6. The Debtors reserve all rights to contest any such claim and to contest the characterization of each Rejected Lease, as executory or not, and to contest whether such Rejected Lease may have terminated prior to the Petition Date, or otherwise.

7. The Debtors do not waive any claims that they may have against the Counterparty to any Rejected Lease, whether or not such claims are related to such Rejected

2

Lease.

8. Notwithstanding the possible applicability of Rules 6004(g), 7062, or 9014 of the Federal Rules of Bankruptcy Procedure, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation, implementation, or enforcement of this Order.

Dated: March 3, 2015

The Honorable Mary F. Walrath
United States Bankruptcy Judge