IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CACHÉ, INC., et al.,[1] | ) | Case No. 15-10172 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | | Re Docket No. 16 |

## ORDER ESTABLISHING PROCEDURES FOR THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Upon the motion (the "Motion")[2] of Caché Inc., on behalf of itself and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for an order (this "Order") establishing procedures for the rejection of executory contracts and unexpired leases of nonresidential real property; and upon the *Declaration of Anthony DiPippa in Support of First Day Motions*; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Caché, Inc. (8181); Caché of Las Vegas, Inc. (9821); and Caché of Virginia, Inc. (9725). The location of the Debtors' headquarters and the service address for each of the Debtors is 256 W. 38th Street, New York, NY 10018.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Rejection Procedures are approved:

(a) Rejection Notice. The Debtors will file a notice (the "Rejection Notice") setting forth the proposed rejection of one or more Contracts and/or Leases and will serve the Rejection Notice via overnight delivery service, email or fax on: (i) the Counterparty (and its counsel, if known) under the respective Contract or Lease at the last known address available to the Debtors; (ii) with respect to real property Leases, any known third party having an interest in personal property located at the leased Premises; (iii) counsel to the prepetition lender, Choate Hall & Stewart, Two International Place, Boston, MA 02110, Attn: John F. Ventola, Esq.; (iv) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801 Attn: David L. Buchbinder, Esq. (the "U.S. Trustee"); and (v) counsel to any committee appointed in the Debtors' chapter 11 cases (the "Committee") (collectively, the "Rejection Notice Parties").

(b) Content of Rejection Notice. The Rejection Notice shall be substantially in the form attached as Exhibit A to the Motion. With respect to Leases, the Rejection Notice shall set forth the following information, based on the best of the Debtors' information: (i) the street address of real property; (ii) the name and address of the Landlord; and (iii) the date on which the Debtors will vacate the Premises. With respect to all other Contracts to be rejected, the Rejection Notice shall set forth the following information, based on the best of the Debtors' information: (a) the name and address of the Counterparty; and (b) a brief description of the Contract to be rejected. All Rejection Notices will be accompanied by a copy of the Order granting relief under this Motion.

(c) Objections. Should a party in interest object to the Debtors' proposed rejection of a Contract or Lease, such party must file and serve a written objection (an "Objection") so that it is filed with this Court and actually received by the following parties (the "Objection Notice Parties") no later than seven calendar days after the date the Rejection Notice is filed: (i) counsel to the Debtors, Pachulski Stang Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Laura Davis Jones, Esq.); (ii) counsel to the prepetition lender, Choate Hall & Stewart, Two International Place, Boston, MA 02110, Attn: John F. Ventola, Esq.; (vi)the

Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801 Attn: David L. Buchbinder, Esq. (the "U.S. Trustee"); and (vii) counsel to the Committee, (a) Otterbourg, P.C., Park Avenue, New York, NY 10169, Attn: David M. Posner, Esq. and (b) Bayard, P.A., 222 Delaware Avenue, Suite 900, Wilmington, DE 19801, Attn: Scott D. Cousins, Esq. Each Objection must state with specificity the ground for objecting to the proposed Contract or Lease rejection.

(d) Effects of Failing to File an Objection to a Rejection Notice. If no Objection to a Rejection Notice is timely filed and served, the applicable Contract or Lease shall be deemed rejected on the effective date set forth in the Rejection Notice, or, if no such date is set forth, the date the Rejection Notice is filed with this Court; provided, however, that the effective date of a rejection of a real property Lease (the "Rejection Date") shall not occur until the later of (i) the date the Debtors file and serve a Rejection Notice for the Lease or (ii) the date the Debtors relinquish control of the Premises by notifying the affected Landlord in writing of the Debtors' surrender of the Premises in "broom clean" condition and turn over keys, key codes, and security codes, if any, to the affected Landlord.

(e) Effects of Filing an Objection to a Rejection Notice. If a timely Objection to a Rejection Notice is filed and received in accordance with the Rejection Procedures, the Debtors shall schedule a hearing on such Objection and shall provide at least seven days' notice of such hearing to the objecting party and the Objection Notice Parties. If this Court ultimately upholds the Debtors' determination to reject the applicable Contract or Lease, then the applicable Contract or Lease shall be deemed rejected (i) as of the Rejection Date or (ii) as otherwise determined by this Court as set forth in any order overruling such objection.

(f) Consent Orders. Any Objection may be resolved without a hearing by an order of this Court submitted on a consensual basis by the Debtors and the objecting party.

(g) Deadlines for Filing Claims. Claims arising out of the rejection of Contracts or Leases must be filed, on or before the later of (i) the deadline for filing proofs of claims established by this Court in these chapter 11 cases or (ii) 30 days after the Rejection Date. If no proof of claim is timely filed, such claimant shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

(h) Treatment of Security Deposits. If the Debtors have deposited funds with a Counterparty or Landlord as a security deposit or other arrangement, such Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors.

DOCS_DE:197817.5 11903/001

3. The Debtors are authorized, upon consultation with the Secured Lenders, to send the Rejection Notices to the Counterparties.

4. The Debtors reserve all rights to contest any rejection claims and/or the characterization of any lease as an unexpired lease.

5. The Debtors do not waive any claims they may have against Landlords, regardless of whether such claims relate to the Leases.

6. The Debtors are deemed to have abandoned any property remaining in the Premises as of the Rejection Date. Counterparties may, in their sole discretion and without further notice, liability or order of this Court, utilize and/or dispose of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition. The Counterparties reserve the right to assert claims for all costs of disposing of such abandoned property and the Debtors, the Committee, and all other parties in interests' rights to object to such claims are reserved; provided, however, that any such claims must be made in accordance with any procedures established by the Court for filing proofs of claim.

7. Nothing herein shall be construed as a concession or evidence that the leases have expired, been terminated, or are otherwise not currently in full force and effect. The Debtors' rights with respect thereto are reserved, including their right to seek a later determination of such matters and to dispute the validity, status, characterization, or enforceability of the leases or any claims related thereto.

8. Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; (e) a request or authorization to assume any executory contract or unexpired lease; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law, pursuant to section 365 of the Bankruptcy Code.

9. Notwithstanding any applicability of Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. Notwithstanding the relief granted herein and any actions taken pursuant hereto, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: March 3, 2015

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge

DOCS_DE:197817.5 11903/001