IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| CACHÉ, INC., et al.[1], | : | Case No. 15-10172 (MFW) |
| Debtors. | : | Jointly Administered |
| | : | Objection Deadline: April 28, 2015 at 4:00 p.m. |
| | : | Hearing Date: May 5, 2015 at 10:30 a.m. |

**MOTION OF PREIT SERVICES, LLC, AS AGENT
FOR CHERRY HILL CENTER, LLC, FOR RELIEF FROM
THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

PREIT Services, LLC ("PREIT"), as agent for Cherry Hill Center, LLC ("CHC"), by and through its undersigned attorneys, for an order pursuant 11 U.S.C. § 362(d) vacating the automatic stay for the purposes hereinafter described, respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. PREIT is the agent for CHC, which is seeking relief from the automatic stay to exercise its rights under a certain nonresidential real property lease, as amended (the "Lease"), between Caché, Inc. (the "Debtor") and CHC.

2. The Lease expired by its terms on January 31, 2015 (the "Expiration Date").

3. Notwithstanding the occurrence of the Expiration Date, the Debtor has continued to use and occupy the leasehold premises thereafter.

4. Because the Lease has terminated by its terms, the Debtor is unable to assume and/or assign the Lease as a matter of law, and neither the Debtor nor its estate have any remaining rights or interests in the Lease or the leasehold premises to which it relates.

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Caché, Inc. (8181); Caché of Las Vegas, Inc. (9821); and Caché of Virginia, Inc. (9752). The location of the Debtor's headquarters and the service address for each of the Debtors is 256 W. 38th Street, New York, NY 10018.

**JURISDICTION**

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware entered on February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. Pursuant to Local Bankruptcy Rule 9013-1(f), PREIT and CHC consent to the entry of a final order or judgment by this Court if it is determined that this Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7. The statutory basis for the relief requested herein is 11 U.S.C. § 362(d).

**BACKGROUND**

8. On February 24, 2015 (the "Petition Date"), the Debtor and certain of its affiliates filed respective voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with this Court.

9. Since the Petition Date, the Debtor has continued in the operation of its business and the management of its properties as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

10. PREIT is the agent for CHC, which owns the Cherry Hill Mall located in Cherry Hill, New Jersey (the "Cherry Hill Mall"). The Cherry Hill Mall is a "shopping center" within the meaning of § 365(b)(3) or the Bankruptcy Code and In re Joshua Slocum, Ltd., 922 F. 2d 1081 (3rd Cir. 1990).

11. On November 5, 2002, CHC, as lessor, entered into the Lease with the Debtor, as lessee, for certain retail premises located at the Cherry Hill Mall. A copy of the Lease is annexed hereto and made a part hereof as Exhibit "A".

12. On April 21, 2014, CHC and the Debtor entered into a Second Amendment of Lease (the "Amendment"), a copy of which is annexed hereto and made a part hereof as Exhibit "B".

13. The Amendment provides that the Lease expires by its terms on the Expiration Date. Amendment, ¶3.

14. On March 6, 2015, the Court entered an order approving the sale of all or substantially all of the Debtor's assets (the "Sale Order") to Great American Group WF, LLC (the "Agent") pursuant to § 363(b) and (f) of the Bankruptcy Code [Doc. No. 275].

15. Among other things, the Sale Order provided for the sale to the Agent of certain lease designation rights, which, upon information and belief, permit the Agent to designate certain of the Debtor's nonresidential real property leases for assumption and assignment to third parties.

16. Notwithstanding the occurrence of the Expiration Date, the Debtor and/or the Agent have continued to use and occupy the Debtor's premises at the Cherry Hill Mall.

17. On March 24, 2015, PREIT's counsel notified the Debtor's counsel that the Debtor's continuing use and occupancy of the Cherry Hill Mall premises was unauthorized and requested that the Debtor surrender possession thereof without the need for the filing of this Motion or the involvement of this Court. Based upon the absence of any response to such request, PREIT is respectfully requesting the entry of an order vacating the automatic stay arising under § 362(a) to permit CHC to exercise its rights and remedies under the Lease or

applicable non-bankruptcy law to recover possession of the leasehold premises and to terminate the Debtor's holdover status in connection therewith.

## RELIEF REQUESTED

18. PREIT respectfully requests the entry of an order, substantially in the form attached hereto, vacating the automatic stay pursuant to § 362(d) of the Bankruptcy Code to permit CHC to exercise the rights and remedies described herein and to recover possession of the leasehold premises.

19. Ample cause exists to grant the requested relief under § 362(d)(1) of the Bankruptcy Code, which provides in relevant part as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . (1) for cause . . .

11 U.S.C. § 362(d)(1).

20. Neither the Bankruptcy Code nor the legislative history of § 362(d)(1) define "cause", which is a broad and flexible concept. Courts determine "what constitutes cause based on the totality of the circumstances of each particular case." Baldino v. Wilson (In re Wilson), 116 F.3d 87, 90 (3rd Cir. 1997). In general, stay relief motions are fact specific and involve various factors unique to each particular case. See, e.g., In re Fowler, 259 B.R. 856 (Bankr. E.D. Texas. 2001).

21. Here, based upon the expiration of the Lease by its terms on January 31, 2015, it is clear that the Debtor lacks any ongoing legal right to use or occupy the retail premises at the Cherry Hill Mall. For the same reason, and notwithstanding the Debtor's sale of lease designation rights to the Agent, the Agent may not designate the Lease for assumption and

assignment to a third party since, quite simply, there exist no remaining legal rights of the Debtor to assign.

22. As of the date of this Motion, the Debtor's use and occupancy of the retail premise at the Cherry Hill Mall is unauthorized. The Debtor is a mere holdover tenant as to which CHC has not consented to the Debtor's continued occupancy from and after the Expiration Date.

23. PREIT and CHC wish to recover and re-let the premises immediately.

24. In entering into the Lease, the Debtor acknowledged that it would vacate the leasehold premises of the expiration of the lease term. Its failure to do so renders it a mere trespasser.

## CONCLUSION

25. For the foregoing reasons, the entry of an order vacating the automatic stay pursuant to § 362(d) of the Bankruptcy Code to permit CHC to exercise the rights and remedies described herein is in all respects appropriate.

## NOTICE

26. Notice of this Motion has been provided to (a) counsel to the Debtor, (b) the Office of the United States Trustee, (c) counsel to the official committee of unsecured creditors, and (d) counsel to the Agent. In light of the nature of the relief requested, PREIT and CHC respectfully submit that no other or further notice is necessary.

WHEREFORE, PREIT Services, LLC, as agent for Cherry Hill Center, LLC, respectfully requests that this Court enter an order vacating the automatic stay pursuant to 11 U.S.C. 362(d) for the purposes described herein, together with such other and further relief as is just and proper.

| | |
|---|---|
| Dated: March 27, 2015 | KLEHR HARRISON HARVEY BRANZBURG, LLP |

/s/ Domenic E. Pacitti
Domenic E. Pacitti, Esq. (DE Bar No. 3989)
919 Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 426-1189
Facsimile: (302) 426-9193
Email: dpacitti@klehr.com

- and -

Jeffrey Kurtzman, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-2700
Facsimile: (215) 568-6603
Email: jkurtzman@klehr.com

Counsel to PREIT Services, LLC, as agent for Cherry Hill Center, LLC