IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| CACHÉ, INC., et al.[1], | : | Case No. 15-10172 (MFW) |
| Debtors. | : | Jointly Administered |
| | : | Objection Deadline: May 27, 2015 at 4:00 p.m. |
| | : | Hearing Date: June 3, 2015 at 10:30 a.m. |

**MOTION OF PREIT SERVICES, LLC, AS AGENT FOR
CHERRY HILL CENTER, LLC, FOR ALLOWANCE AND PAYMENT OF
AN ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)(A)**

PREIT Services, LLC ("PREIT"), as agent for Cherry Hill Center, LLC ("CHC"), by and through its undersigned attorneys, hereby moves for an order pursuant 11 U.S.C. § 503(b)(1)(A) allowing and directing the payment of an administrative expense claim, and respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. PREIT is the agent for CHC, which is seeking an order allowing an administrative expense claim arising under a certain nonresidential real property lease, as amended (the "Lease"), between Caché, Inc. (the "Debtor") and CHC. A copy of the Lease is annexed hereto and made a part hereof as Exhibit "A".

2. The Lease expired by its terms on January 31, 2015 (the "Expiration Date").

3. Notwithstanding the occurrence of the Expiration Date, the Debtor continued to use and occupy the leasehold premises until April 30, 2015 (the "Surrender Date"), on which date the Debtor surrendered possession of the Premises.

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Caché, Inc. (8181); Caché of Las Vegas, Inc. (9821); and Caché of Virginia, Inc. (9752). The location of the Debtor's headquarters and the service address for each of the Debtors is 256 W. 38th Street, New York, NY 10018.

PHIL1 4560472v.1

4.      Because the Lease had terminated by its terms on the Expiration Date, the Debtor's status during the three-month period between the Expiration Date and the Surrender Date was that of a holdover tenant.

5.      The relief requested herein seeks the allowance of two separate administrative claims asserted by CHC.  The first is February, 2015 "stub rent" and related lease obligations for the period between the Petition Date (as hereinafter defined) and February 28, 2015 in the amount of $30,863.32.[2]  The second is an administrative claim arising under Section 3.3 of the Lease, which provides as follows:

> Section 3.3.    Holding Over
>
> If Tenant shall be in possession of the Premises after the expiration of the Term, in the absence of any agreement extending the Term, the tenancy under this Lease shall become one from month to month, terminable by either party on thirty (30) days' prior notice, and shall be subject to all of the terms and conditions of this Lease as though the Term had been extended from month to month, except that (i) <u>the Annual Basic Rental payable hereunder for each month during said holdover period shall be equal to twice the monthly installment of Annual Basic Rental payable during the last month of the Term</u>, (ii) the installments of Annual Percentage Rental payable hereunder for each such month shall be equal to one-twelfth ($1/12^{th}$) of the average Annual Percentage Rental payable hereunder for the last three (3) Rental Years of the Term, or if the Term is less than three (3) Rental Years, then such installments shall be equal to one-twelfth ($1/12^{th}$) of the Annual Percentage Rental payable hereunder for the last complete Rental Year preceding expiration of the Term, and (iii) all Additional Rental payable hereunder shall be prorated for each month during such holdover period. (Emphasis added).

6.      As reflected in Section 3.3 of the Lease, where the Debtor holds over or continues to use and occupy the Premises after the expiration of the Lease term, it is obligated to pay CHC twice the monthly rent reserved under the Lease for each month in which it remains in holdover status.

---

[2] The stub rent calculation results by dividing the aggregate charges arising under the Lease in February, 2015 ($30,863.32) by 28 (the number of days in that month) and multiplying that by 25 (the number of post-petition days in February).

7. Since the monthly rent reserved under the Lease in January, 2015 (the month preceding the Expiration Date) was $11,725.02, the Debtor's unpaid rent obligation for the months of February, March and April, 2015 (net of the payments which it actually made) is $35,175.06.

8. Finally, as reflected in the itemized billing summary annexed hereto and made a part hereof as Exhibit "C", the Debtor failed to pay certain storage rent which became due on March 31, 2015 and various tax and utility reconciliation charges which were billed on March 31, 2015.

9. In total, the aggregate administrative claim arising between the Petition Date and the Surrender Date is $52,424.17.

## JURISDICTION

10. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware entered on February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

11. Pursuant to Local Bankruptcy Rule 9013-1(f), PREIT and CHC consent to the entry of a final order or judgment by this Court if it is determined that this Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

12. The statutory basis for the relief requested herein is 11 U.S.C. § 503(b)(1)(A).

## BACKGROUND

13. On February 24, 2015 (the "Petition Date"), the Debtor and certain of its affiliates filed respective voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with this Court.

14. Since the Petition Date, the Debtor has continued in the operation of its business and the management of its properties as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

15. PREIT is the agent for CHC, which owns the Cherry Hill Mall located in Cherry Hill, New Jersey (the "Cherry Hill Mall"). The Cherry Hill Mall is a "shopping center" within the meaning of § 365(b)(3) or the Bankruptcy Code and In re Joshua Slocum, Ltd., 922 F. 2d 1081 (3rd Cir. 1990).

16. On November 5, 2002, CHC, as lessor, entered into the Lease with the Debtor, as lessee, for certain retail premises located at the Cherry Hill Mall.

17. On April 21, 2014, CHC and the Debtor entered into a Second Amendment of Lease (the "Amendment"), a copy of which is annexed hereto and made a part hereof as Exhibit "B".

18. The Amendment provides that the Lease expires by its terms on the Expiration Date. Amendment, ¶3.

19. On March 6, 2015, this Court entered an order approving the sale of all or substantially all of the Debtor's assets (the "Sale Order") to Great American Group WF, LLC (the "Agent") pursuant to § 363(b) and (f) of the Bankruptcy Code [Doc. No. 275].

20. Among other things, the Sale Order provided for the sale to the Agent of certain lease designation rights, which, upon information and belief, permit the Agent to designate certain of the Debtor's nonresidential real property leases for assumption and assignment to third parties.

21. Notwithstanding the occurrence of the Expiration Date, the Debtor and/or the Agent have continued to use and occupy the Debtor's premises at the Cherry Hill Mall through the Surrender Date.

22. On March 24, 2015, PREIT's counsel notified the Debtor's counsel that the Debtor's continuing use and occupancy of the Cherry Hill Mall premises was unauthorized and requested that the Debtor surrender possession thereof without the need for the filing of a motion or the involvement of this Court. Based upon the absence of any response to such request, on March 27, 2015, PREIT filed a motion for the entry of an order vacating the automatic stay arising under § 362(a) to permit CHC to exercise its rights and remedies under the Lease or applicable non-bankruptcy law to recover possession of the leasehold premises and to terminate the Debtor's holdover status in connection therewith. [Doc. No. 309].

23. On April 6, 2015, this Court entered an order approving a stipulation resolving the stay relief motion [Doc. No. 451]. Under the stipulation, PREIT and CHC reserved their right to assert claims arising under the Lease based on the Debtor's use and occupancy of the premises.

**RELIEF REQUESTED**

24.     PREIT respectfully requests the entry of an order, substantially in the form attached hereto, allowing its respective stub rent and holdover rent claims as administrative priority claims against the Debtor's estate.

25.     By virtue of the fact that Debtor continued to used and occupy the Premises during the post-petition portion of February, 2015 and the period between the Expiration Date and the Surrender Date, the amounts which became due and owing under the Lease are entitled to administrative priority under § 503(b)(1)(A) of the Bankruptcy Code as actual, necessary costs and expenses of preserving the estate.  See, In re Goody's Family Clothing, Inc., 610 F.3d 812 (3rd Cir. 2010) (holding "stub rent" is an administrative expense within the meaning of § 503(b)(1) of the Bankruptcy Code to the extent that it confers an actual and necessary benefit to the debtor in the operation of its business).  See also, Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Invtl. Energy, Inc.), 181 F.3d 527, 532-33 (3rd Cir. 1999).

26.     Here, the Debtor conducted business during the post-petition portion of February, 2015 and engaged in a going out of business sale at the premises during the period between the Expiration Date and the Surrender Date.  In doing so, the Debtor generated cash for the benefit of its lenders and administrative expense claimants through the use of the premises.

27.     While CHC acknowledges that it bears the burden of demonstrating the nature and extent of the benefit provided, it respectfully submits that, under the circumstances, it will easily meet that burden.

28.     Similarly, with respect to that portion of CHC's administrative claim resulting from the Debtor's holdover status during the period between the Expiration Date and the Surrender Date, PREIT and CHC respectfully submit that the provision contained in § 3.3 of the

Lease requiring the Debtor to pay additional rent during any holdover period was crafted to compensate CHC for the costs and uncertainty associated with the Debtor's failure or refusal to vacate the premises at the natural expiration of the lease term. In this regard, the Debtor's failure to vacate the Lease on or prior to the Expiration Date prevented CHC from engaging in meaningful negotiations with a replacement or successor tenant based upon its inability to ascertain with certainty when the Debtor would surrender possession of the premises.

## CONCLUSION

29. For the foregoing reasons, PREIT and CHC are entitled to the entry of an order pursuant to § 503(b)(1)(A) of the Bankruptcy Code allowing the claims described herein as administrative expenses of the Debtor's estate.

## NOTICE

30. Notice of this Motion has been provided to (a) counsel to the Debtor, (b) the Office of the United States Trustee, (c) counsel to the official committee of unsecured creditors and (d) counsel to the Agent. In light of the nature of the relief requested, PREIT and CHC respectfully submit that no other or further notice is necessary.

WHEREFORE, PREIT Services, LLC, as agent for Cherry Hill Center, LLC, respectfully requests the entry of an order granting the foregoing relief, together with such other and further relief as is just and proper.

| | |
|---|---|
| Dated: May 12, 2015<br>Wilmington, Delaware | **KLEHR HARRISON HARVEY BRANZBURG LLP**<br><br>By: */s/ Domenic E. Pacitti*<br>  Domenic E. Pacitti, Esquire (DE Bar No. 3989)<br>  919 Market Street, Suite 1000<br>  Wilmington, DE  19801<br>  Telephone:  (302) 426-5511<br>  Facsimile:  (302) 426-9193<br>  Email:  dpacitti@klehr.com |

- and –

Jeffrey Kurtzman, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-4493
Facsimile: (215) 568-6603
Email: jkurtzman@klehr.com

Attorneys for PREIT Services, LLC, as agent for Cherry Hill Center, LLC

PHIL1 4560472v.1