IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CACHÉ, INC., et al.[1] | ) | Case No. 15-10172 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: June 4, 2015 at 4:00 p.m
Hearing Date: July 14, 2015 at 10:30 a.m.

**FIRST AND FINAL APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
JANNEY MONTGOMERY SCOTT LLC AS INVESTMENT BANKERS
TO THE DEBTORS, FOR
THE PERIOD FROM FEBRUARY 4, 2015 THROUGH APRIL 6, 2015**

| | |
|---|---|
| Name of Applicant: | Janney Montgomery Scott LLC |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | *Nunc Pro Tunc* to February 4, 2015 by order signed April 6, 2015 |
| Period for which Compensation and Reimbursement is Sought: | February 4, 2015 through April 6, 2015 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $100,000.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $25,000.00 |

This is a:   __ monthly        __ interim        x final application.

No time was expended in preparation of this Application during the period covered by this Application.

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number are: Caché, Inc. (8181), Caché of Las Vegas, Inc. (9821), and Caché of Virginia, Inc. (9725).

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

No prior fee applications have been filed.

## JANNEY PROFESSIONALS

| Name of Professional Individual | Position of the Applicant |
|---|---|
| Daniel Shea | Director |

## STRADLEY RONON STEVENS & YOUNG, LLP PROFESSIONALS

| Name of Professional Individual | Position of the Applicant | Hourly Rate | Total Hours Billed |
|---|---|---|---|
| Mark J. Dorval | Partner | 550 | 9.10 |
| Jennifer A. L. Kelleher | Counsel | 305 | 5.5 |
| Julie M. Murphy | Associate | 395 | 8.50 |
| Kyle Gibson | Paralegal | 260 | 0.80 |
| Total Legal Fees Sought |  |  | $10,248.00 |

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| Travel Expenses and Business Meals | $13,273.01 |
| Communications/Courier | $1,927.97 |
| Data-Base/Research | $2,191.45 |
| Reproduction | $71.71 |
| Legal | $10,248.00 |
| **TOTAL:** | $27,712.58[1] |

---

[1] Subject to fee cap of $25,000 as ordered by the Court on April 6, 2015 (D.I. 404).

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CACHÉ, INC., et al.[1] | ) | Case No. 15-10172 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: June 4, 2015 at 4:00 p.m**
**Hearing Date: July 14, 2015 at 10:30 a.m.**

### FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF JANNEY MONTGOMERY SCOTT LLC AS INVESTMENT BANKERS TO THE DEBTORS, FOR THE PERIOD FROM FEBRUARY 4, 2015 THROUGH APRIL 6, 2015

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's "Order (I) Authorizing Employment and Retention of Janney Montgomery Scott LLC as Investment Banker for the Debtors *Nunc Pro Tunc* to the Petition Date and (II) Modifying Certain Information Requirements of Del. Bankr. L.R. 2016-2 (the "Retention Order"), Janney Montgomery Scott LLC ("Janney"), Investment Bankers to the Debtors in the above-captioned jointly administered bankruptcy proceeding, hereby submits its First and Final Application for Compensation and for Reimbursement of Expenses for the Period from February 4, 2015, through April 6, 2015 (the "Application"). Janney seeks payment at this time of the compensation earned and ordered under the Retention Order and the approval of $25,000 of reasonable and necessary expenses incurred during the Application Period (as defined herein).

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number are: Caché, Inc. (8181), Caché of Las Vegas, Inc. (9821), and Caché of Virginia, Inc. (9725).

By this Application, Janney seeks payment of compensation in the amount of $100,000.00 and allowance of actual and necessary expenses in the amount of $25,000 for a total allowance of $125,000 for the period from February 4, 2015, through April 6, 2015 (the "Application Period")[2]. Pursuant to Local Bankruptcy Rule 2016-2(f), this Application is supported by the Certification of Joseph D. Culley, Jr., which is attached hereto as <u>Exhibit A</u>. In support of this Application, Janney respectfully represents as follows:

### Background

1. On February 4, 2015 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have operated their businesses and managed their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On the Petition Date, the Debtor applied to this Court for authorization to retain and employ Janney as a financial advisor and investment banker (the "Retention Application"). (D.I. 19)

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. On or about April 6, 2015, the Court entered the Retention Order pursuant to which it, *inter alia*, (a) approved the employment and retention of Janney *nunc pro tunc* to the Petition Date; (b) allowed the Retainer Fee in the amount of $100,000; and (c) authorized the

---

[2] As set forth in the Retention Order, Janney has already received $125,000: (a) $100,000 as the allowed Retainer Fee, and (b) $25,000 as an advance on expenses. Janney seeks herein to have the $25,000 advance of the expenses allowed and approved by the Court.

Debtor to pay Janney's fees in the amount of $100,000 and to reimburse Janney's expenses, not to exceed $25,000. (D.I. 404)

5. The Retention Order authorized the Debtors to pay Janney its "reasonable postpetition expenses . . . including the reasonable attorney's fees and expenses incurred by Janney in connection with the Application" up to a capped amount of $25,000.

## Compensation Request

6. In accordance with the Retention Order, Janney seeks payment of $100,000 of its fees, which constitute all of the unpaid fees to be sought by Janney in this case, and approval of the expense reimbursement in an amount of $25,000.

7. The terms and conditions of Janney's engagement in these cases, which are embodied in the Retention Order, are based upon Janney's Engagement Letter dated January 15, 2015 (the "Engagement Letter"), which was attached to the Retention Application as Exhibit B. Pursuant to the Engagement Letter and the Retention Order, Janney is to be compensated:

   a. for a monthly fee in the amount of $50,000 per month for each of February and March 2015,

   b. reimbursement of reasonable postpetition expenses in an amount up to $25,000.

8. As detailed in the Retention Application, the terms of the Engagement Letter are comparable to the terms Janney and other investment banks have agreed upon in similar engagements, both in and outside of bankruptcy.

9. By this Application, Janney requests that this Court authorize:

3

#2372436 v.1

        a.    final allowance of Janney's Monthly Fee Allowance in the amount of $100,000.00;

        b.    final allowance of $25,000 of the actual reasonable and necessary out-of-pocket expenses incurred by Janney in connection with its services to the Debtor in the above-captioned case, including without limitation reasonable attorney's fees and expenses incurred by Janney in connection with the Retention Application, and in accordance with the Retention Order.

10. The total amount of compensation and expense reimbursement earned by Janney during the Application Period is $225,000.

## Summary of Services Provided By Janney

11. During the Application Period, Janney worked diligently on the matters for which it was engaged and, as a result, was uniquely situated to advise the Debtor. The Debtor chose Janney to act as its investment banker because Janney has substantial expertise in investment banking and is well-qualified to perform these services.

12. During the Application Period, although a number of professionals worked on this engagement, Daniel Shea, then Director of Consumer & Retail at Janney, performed substantial services for the Debtor. Mr. Shea's services included, among other things, assisting the Debtor in the development, preparation and distribution of selected information, documents and other materials in an effort to create interest in and to consummate a sale of the Debtor's assets; soliciting and evaluating indications of interest and proposals regarding any such sale from current and/or potential purchasers, investors, acquirers and/or strategic partners (collectively, "Potential Purchasers"); advising and attending meetings of the Debtor's

management, creditor groups, official constituencies and other interested parties, as the Debtor and Janney determined to be necessary or desirable; and providing such other investment banking services as may be agreed upon by Debtors and Janney related to the sale of the Debtors' assets.

13. During the Application Period, Janney's professionals traveled between Greenwich, Connecticut and Wilmington, Delaware in order to provide the services detailed herein, including to attend the auction of the Debtor's assets and the hearing on the approval of the sale of the Debtor's assets.

14. In connection with the services performed for the Debtor, Janney incurred travel related expenses, business meals, research expenses, telecommunications and courier expense, and duplication expenses. Itemized expenses incurred by Janney during the Application are attached hereto as Exhibit B.

15. In connection with the Retention Application, Janney employed Stradley Ronon Stevens & Young, LLP to provide legal representation in light of the objections filed to the Retention Application and to negotiate an amicable resolution between the Debtor, the Committee for Unsecured Creditors and Salus Capital Partners, LLC. Itemized time records of Stradley, redacted to protect attorney-client privilege, are attached hereto as Exhibit C.[3]

### Janney's Application

16. The professional services and related expenses that are the subject of this Application were rendered and incurred in connection with these cases, and in discharge of

---

[3] The fee detail for Stradley has also been redacted to remove time entries relating to other, non-Debtor related matters for which reimbursement and approval is not sought herein.

Janney's professional responsibilities as investment banker to the Debtor. Janney's services have been substantial, necessary, and beneficial to the Debtor in these cases. Janney believes that the fees and expenses requested by this Application are reasonable and necessary given the variety and complexity of the issues involved in these cases, the need to act or respond on an expedited basis to those issues, and are contemplated by the Bankruptcy Code and this Court's Retention Order.

17. All requested expenses are in compliance with Local Bankruptcy Rule 2016-2. According, Janney requests:

    a. Final allowance and payment of Janney's Monthly Fee Allowance of $50,000 for February and March 2015, for a total fee payment of $100,000; and

    b. final allowance of $25,000 of the actual reasonable and necessary out-of-pocket expenses of $25,000 in accordance with the Retention Order.

18. The total amount of compensation and expense reimbursement requested to be allowed is $125,000; however Janney is only asking that the Debtors pay the $100,000 in fees because the $25,000 in expenses has already been advanced to Janney.

WHEREFORE, Janney requests that the Court enter an order, substantially in the form attached hereto, providing for:

    a. Final allowance and payment of Janney's Monthly Fee Allowance of $100,000 for February and March 2015; and

    b. final allowance of $25,000 of the actual reasonable and necessary out-of-pocket expenses of $25,000 in accordance with the Retention Order.

Dated: May 14, 2015    STRADLEY RONON STEVENS & YOUNG, LLP

*/s/ Julie M. Murphy*
Julie M. Murphy (DE ID No. 5856)
Stradley Ronon Stevens &Young, LLP
1000 North West Street, Suite 1278
Wilmington, Delaware, 19801
(302) 295-3805
jmmurphy@stradley.com