IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CACHÉ, INC., et al.,[1] | ) | Case No. 15-10172 (MFW) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No.'s 773 and 857 |

**ORDER APPROVING DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a), 349, 363, 554(a) AND 1112(b) FOR ENTRY OF AN ORDER: (I) DISMISSING THE DEBTORS' CASES (II) AUTHORIZING THE DESTRUCTION, ABANDONMENT, OR OTHER DISPOSAL OF REMAINING RECORDS AND DOCUMENTS AND (III) GRANTING RELATED RELIEF**

Upon consideration of the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a), 349, 363, 554(a) and 1112(b) for Entry of an Order: (I) Dismissing the Debtors' Cases (II) Authorizing the Destruction, Abandonment, or Other Disposal of Remaining Records and Documents and (III) Granting Related Relief* [Docket No. 773] filed on September 28, 2015, by the above-captioned debtors and debtors in possession (the "Debtors"), as supplemented by the *Supplement to Debtors' Motion Pursuant to 11 U.S.C. §§ 105(a), 349, 554(a) and 1112(b) for Entry of an Order: (I) Dismissing the Debtors' Cases (II) Authorizing the Destruction, Abandonment, or Other Disposal of Remaining Records and Documents and (III) Granting Related Relief* [Docket No. 857] (the "Supplement") filed on November 10, 2015 (together, the "Motion");[2] and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Caché, Inc. (8181); Caché of Las Vegas, Inc. (9821); and Caché of Virginia, Inc. (9725). The service address for each of the Debtors is P.O. Box 794, New York, NY 10018.

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

appearing that the relief requested in the Motion is reasonable, fair and in the best interests of the Debtors, their estates and their creditors; and due and proper notice of the Motion having been given, and it appearing that no other or further notice is required; and after due deliberation and good cause appearing for the relief sought in the Motion, it is hereby ORDERED that:

1. The Motion is GRANTED.

2. The Debtors' chapter 11 cases are hereby dismissed pursuant to Section 1112(b) of the Bankruptcy Code.

3. Notwithstanding Section 349 of the Bankruptcy Code, all stipulations, settlements, rulings, orders and judgments (the "Orders") of this Court made during the course of the Debtors' chapter 11 cases shall survive and remain in full force and effect, shall be unaffected by the dismissal of the Debtors' chapter 11 cases, and are specifically preserved for purposes of finality of judgment and *res judicata*.

4. Debtor Cache, Inc., under the supervision of the Debtors' Chief Restructuring Officer, is appointed as Disbursing Agent for the purposes contemplated by the Motion. The Disbursing Agent shall be permitted to employ or contract with other persons or entities to perform the payment, tax preparation and the remittance obligations contemplated by the Motion and is further authorized to take reasonable and necessary steps to implement the relief requested in the Motion and provided in this Order. The Debtors are authorized to use funds in the Disbursement Account to satisfy the necessary wind-down expenses of these chapter 11 cases including document destruction, final tax returns, final United States Trustee fees and claims processing.

5. The net proceeds from the Remaining Estate Assets shall be deposited into the Disbursement Account. The Disbursement Account will be established for the purposes of (i) holding the net proceeds from the Remaining Estate Assets; (ii) holding any unused funds from the EHC Fund (defined below), the Utility Deposit Account and the Tax Escrow, (iii) paying wind-down expenses necessary to implement the relief approved by this Order; and (iv) making distributions to the holders of Remaining Administrative Claims. The Disbursement Account shall be earmarked exclusively for the payment and satisfaction of Remaining Administrative Claims and wind-down expenses and shall not be made available or used to satisfy any other claims against the Debtors or their estates. The Disbursing Agent's activities, powers and duties will be those the Disbursing Agent reasonably determines are necessary to and consistent with the accomplishment of the Disbursement Account's purposes.

6. The Protocol is approved and that the Disbursing Agent is authorized and directed to process and pay the Employee Health Claims pursuant to the Protocol. Any and all payments made by the Debtors from the EHC Fund shall be deemed made in full and final settlement, satisfaction and release of each Employee Health Claim with prejudice. The EHC Fund shall be earmarked exclusively for the payment and satisfaction of Employee Health Claims and shall not be made available or used to satisfy any other claims against the Debtors or their estates. The Disbursing Agent will comply with the reporting obligations to the Office of the United States Trustee at the times and in the manner set forth in the Protocol.

7. Upon entry of this Order and the contemporaneous indefeasible payment by the Debtors to the Agent of the $900,000 contemplated by the Supplement, the Agent shall release any and all right, title and interest in $200,000 of proceeds derived from the GOB Sales

that are currently held by the Debtors in the Debtors' operating accounts (the "Released GOB Sales Proceeds"). The Released GOB Sales Proceeds, plus $50,000 from the Remaining Estate Assets of the Debtors (together, the "EHC Fund"), shall be earmarked exclusively for payment of the Employee Health Claims according to the Protocol. Any amounts remaining after the payment of the Employee Health Claims from the EHC Fund will be added to the Disbursement Account available to pay Remaining Administrative Claims.

8. The Disbursing Agent will have the authority to determine Remaining Administrative Claims, Utility Claims[3] and Texas Tax Claims. The Disbursing Agent's determination (if needed, in consultation with the parties asserting such claims), as to the valid amount of any Remaining Administrative Claim, Utility Claim or Texas Tax Claim shall be final and shall be binding.

9. Prior to receiving any distributions from the Disbursement Account, if required by the Disbursing Agent, a claimholder shall provide the Disbursing Agent with a tax identification number and sufficient information to enable the Disbursing Agent to provide the Internal Revenue Service with a 1099 Form with respect to any distributions made from the Disbursement Account. The failure of a claimholder to provide this information will result in both the denial of such claimholder's claim and the claimholder's forfeiture of any distributions from the Disbursement Account.

10. Each claimholder shall be responsible for payment of any taxes arising from distributions to the claimholder from the Disbursement Account and the Disbursing Agent

---

[3] Utility Claims means those claims by utilities with adequate assurance rights to the Utility Deposit Account established under the *Final Order (A) Prohibiting Utility Providers from Altering, Refusing or Discontinuing Service, (B) Deeming Utilities Adequately Assured of Future Performance, and (C) Establishing Procedures for Determining Adequate Assurance of Payment* entered by the Bankruptcy Court on February 23, 2015 [D.I. 182].

shall not be required to withhold any taxes from such distributions. The Disbursing Agent's tax reporting obligations shall consist solely of reporting distributions to claimholders pursuant to any 1099 Form filing (to the extent required by applicable law).

11. At such time as the holders of valid Remaining Administrative Claims receive, or are entitled to receive, a distribution of twenty-five percent (25%), the Debtors shall share any additional Remaining Estate Assets with the Stub Rent/503(b)(9) Claimholders (as defined in the Final DIP Order). The Debtors will remit fifty percent (50%) of such additional Remaining Estate Assets directly to the Stub Rent/503(b)(9) Disbursing Agent, up to a maximum of $150,000, for distribution to the Stub Rent/503(b)(9) Claimholders in accordance with the Final DIP Order.

12. Upon entry of this Order and the contemporaneous indefeasible payment by the Debtors to the Agent of the $900,000 contemplated by the Supplement, any liens and security interests granted in favor of the Agent under the Approval Order shall be deemed released and discharged. Further, upon entry of this Order and the contemporaneous indefeasible payment by the Debtors to the Agent of the $900,000 contemplated by the Supplement, each of the Debtors and the Agent, shall be deemed to have released each other and each of their respective successors, assigns, members, managers, officers, directors, employees, representatives, professionals, subsidiaries and affiliates, from any and all claims, obligations, rights, suits, damages, causes of action, and liabilities, whether known or unknown, liquidated or unliquidated, fixed, contingent, disputed or undisputed, foreseen or unforeseen, existing or hereafter arising in law or equity, relating to these chapter 11 cases and the Agency Agreement, except as contemplated by the Motion and this Order.

13. The secured ad valorem tax claim of Travis County, Travis County Healthcare District dba Central Health, City of Austin, Austin Community College, Austin Independent School District and Eanes Independent School District in the aggregate amount of $15,247.26 is reduced to $9,000 (the "Travis County Claim"), and the secured tax claim asserted by the Maricopa County Treasurer on behalf of Maricopa County in the amount of $1,560.36 is allowed (the "Maricopa County Claim"). The Travis County Claim and the Maricopa County Claims shall each be paid first from remaining funds held in the Tax Escrow, if and to the extent available after the Texas Tax Claims are satisfied. Any remaining balance of such claims shall be paid from the Remaining Estate Assets. In consideration of the foregoing compromise, the objections to the Motion filed by the holders of the Travis County Claim and the Maricopa County Claim [D.I. 823 and 824] shall be deemed withdrawn.

14. The Debtors are authorized to destroy, abandon, or otherwise dispose of the Remaining Documents in their discretion, and to make all payments necessary to effectuate such destruction, *provided that*, the Debtors will not destroy any Remaining Documents until they have satisfied their obligations with respect to the production of any Remaining Documents pursuant to any pending discovery requests.

15. Upon the dismissal of these chapter 11 cases, the Debtors' remaining officers and directors, excluding the Debtors' Chief Restructuring Officer, are dismissed from their positions and the Disbursing Agent shall assume the responsibility for the wind-down of the Debtors in accordance with this Order.

16. Upon the dismissal of these chapter 11 cases, each Professional is entitled to receive payment, to the extent not previously paid, of its respective allowed fees and expenses in the amounts allocated to it in the Professional Fee Escrow Account.

17. Notwithstanding anything contained in the Bankruptcy Code or Bankruptcy Rules, this Order shall be effective immediately upon its entry, *provided that*, this Court shall retain jurisdiction to hear and determine all final Professional fee applications. All final fee applications must be filed no later than thirty (30) days after the entry of this Order.

18. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

Dated: Nov. 18, 2015

The Honorable Mary F. Walrath
United States Bankruptcy Judge